FILED
United States Court of Appeals
Tenth Circuit

May 22, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LEONID SHIFRIN, a/k/a Leo Shifrin,

   Plaintiff-Appellant,

v.

ERIN TOLL; MARCIA WATERS;
PAUL MARTINEZ; CARY
WHITAKER,

   Defendants-Appellees.

No. 11-1423
(D.C. No. 1:09-CV-03040-REB-MEH)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.

Leonid Shifrin filed suit under 42 U.S.C. § 1983 to challenge defendants'

denial of his application for a mortgage broker license. He now appeals the district

court's Fed. R. Civ. P. 12(b)(6) dismissal of his complaint for failure to state a claim.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

I

In 1993, Shifrin pleaded guilty to burglary and theft in Boulder County, Colorado. In late 2007, he applied for a permanent Colorado mortgage broker license, which involved a criminal history record check. The licensing proceedings were handled by the Division of Real Estate, whose director at the time was Erin Toll. Paul Martinez, Marcia Waters, and Cary Whitaker were all employed by the Division of Real Estate, with Waters and Whitaker supervising Martinez.

Shifrin's application was complete on December 7, 2007. A Colorado statute required that the application be granted or denied within twenty-one days, or by December 28, 2007. Under the law then in effect, only convictions within the immediate five years before the application were grounds for denying a license. Therefore, Shifrin's convictions were too stale to justify denying a license.

As of January 1, 2008, however, Colorado's laws changed. A new statutory section was added allowing the discipline of a licensee (up to and including suspension and revocation of a license) due to a burglary or theft conviction. The Division did not grant or deny Shifrin's application by December 28, 2007. Instead, on January 2, 2008, Martinez notified Shifrin that his application was denied because of the 1993 convictions. Later, the Division specified that the denial was based on the new Colorado law. Eventually a state administrative judge concluded that the new law did not apply to Shifrin because he had not yet become a licensee. Shifrin's

application then was denied on other grounds, which resulted in further proceedings. Ultimately, however, in September 2010, the Division granted Shifrin's application.

Shifrin's original complaint alleged that defendants, in their official and individual capacities, violated 42 U.S.C. §§ 1983, 1985, 1986, and 1988 by denying him equal protection and due process. The magistrate judge recommended dismissing all claims against defendants in their official capacities, dismissing the due process claim and the §§ 1985 and 1986 claims against defendants in their individual capacities, and allowing Shifrin to file an amended complaint setting forth an equal protection claim against defendants in their individual capacities. No party filed an objection, and the district court adopted those recommendations.

Shifrin's amended complaint alleged that other similarly situated applicants, i.e., "applicants without convictions in the last 5 years," including two named individuals, were granted mortgage broker licenses while he was not. R., Vol. 1 at 310. He also alleged that he was treated differently "in that his application was not decided within 21 days as required by Colorado Law, Defendants considered information that was not allowed to be considered for new licensees in denying Plaintiff his license, and the Defendants used convictions outside the 5 year statutory period to deny him his license." *Id.*

Defendants moved to dismiss the amended complaint under Rule 12(b)(6). After briefing on the dismissal motion concluded, Shifrin moved to file a second amended complaint "to clarify factual allegations [and to] plead the factual basis in

greater detail." *Id.* at 636-37. Specifically, he sought to add allegations that defendants acted with malice and to name a third similarly situated individual.

The magistrate judge recommended that the district court grant the motion to dismiss. He concluded that Shifrin had alleged no personal participation by Waters and Whitaker. With regard to Martinez and Toll, the magistrate judge concluded that they were entitled to qualified immunity. Analyzing Shifrin's allegations as a class-of-one equal protection claim, the magistrate judge concluded that Shifrin failed to state a claim because (1) he had not adequately pleaded that his treatment was different from that of other individuals who were similar in all material respects, and (2) the underlying facts showed that the Division's actions were rationally related to a governmental interest. Further, the magistrate judge concluded that Shifrin failed to identify any cases showing that the law was clearly established.

The magistrate judge also recommended that the district court deny Shifrin's motion to amend because his proposed amendments were futile and the motion was untimely. Examining this circuit's cases, the magistrate judge explained that "malice" standing alone is not an element of a class-of-one equal protection claim. He also noted that naming a third individual, without more, did not overcome Shifrin's failure to show exactly how other persons were similarly situated to him. Further, he noted, Shifrin had not explained why he had not known of the new allegations earlier and why he waited so long to seek amendment.

Shifrin objected, but the district court adopted the report and recommendation, denied the motion to amend, dismissed the complaint, and entered judgment for defendants. Shifrin now appeals.

## II

## A

Shifrin argues that the district court erred in applying a class-of-one analysis to his equal protection claim. "We review de novo the dismissal of a complaint for failure to state a claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

Although Shifrin denies any intent to proceed under a class-of-one theory, he does not claim that defendants denied his application based on his sex, race, religion, or membership in another cognizable group. Rather, he claims that they singled him out for adverse treatment. *See, e.g.*, Aplt Br. at 6 ("It is Appellant's intention to plead by amendment that no other applicant for a license was treated in this manner and this treatment was intentional . . . ."); R., Vol. 1 at 310 (stating, in first amended complaint, that plaintiff alone was treated differently than others similarly situated). Notwithstanding Shifrin's disclaimers, this is a class-of-one case. *See Kan. Penn Gaming*, 656 F.3d at 1216 ("The paradigmatic 'class of one' case, sensibly conceived, is one in which a public official, with no conceivable basis for his action other than spite or some other improper motive (improper because unrelated to his public duties), comes down hard on a hapless private citizen." (brackets and internal

quotation marks omitted)).  Therefore, the district court did not err in employing a class-of-one analysis.

The district court also did not err in dismissing the amended complaint for failure to state a claim.  The first element of an equal protection violation is that the plaintiff "was 'intentionally treated differently from others similarly situated.'" *SECSYS, LLC v. Vigil*, 666 F.3d 678, 688 (10th Cir. 2012) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)); *see also Jennings v. City of Stillwater*, 383 F.3d 1199, 1213 (10th Cir. 2004) ("This element is especially important in class-of-one cases.").  Accordingly, "a plaintiff must first establish that others, 'similarly situated in every material respect' were treated differently."  *Kan. Penn Gaming*, 656 F.3d at 1216 (quoting *Jicarilla Apache Nation v. Rio Arriba Cnty.*, 440 F.3d 1202, 1210 (10th Cir. 2006)).  Because "it is exceedingly difficult to demonstrate that any difference in treatment is not attributable to a quirk of the plaintiff or even to the fallibility of administrators whose inconsistency is as random as it is inevitable . . . courts have imposed exacting burdens on plaintiffs to demonstrate similarity in class-of-one cases."  *Jicarilla Apache Nation*, 440 F.3d at 1213.  "Inevitably, the degree to which others are viewed as similarly situated depends substantially on the facts and context of the case."  *Jennings*, 383 F.3d at 1214.

Shifrin identifies certain persons as substantially similar to him simply because they all were free of convictions from the past five years.  But this focus does not

account for all *material* characteristics.  The reason the Division gave for initially denying Shifrin's application was that he had theft and burglary convictions older than five years.  Therefore, it is material whether the allegedly similar individuals had any convictions, and if they did, what type of crime the convictions involved and how old they were.

In addition, Shifrin's complaint contains minimal references to similarity.  Previously, "some courts initially required nothing more than the threadbare allegation of different treatment to similarly situated individuals to defeat a motion to dismiss."  *Kan. Penn Gaming*, 656 F.3d at 1218.  But in light of the Supreme Court's recent decisions on pleading standards, "a generalized pleading . . . is no longer sufficient to state a class-of-one claim."  *Id.* at 1219; *see also id.* at 1214-15 (discussing pleading standards established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  "[P]laintiffs must offer enough specific factual allegations to nudge their claims across the line from conceivable to plausible."  *Id.* at 1219 (brackets and internal quotation marks omitted).  Accordingly, dismissal is proper where a party offers only conclusory allegations that others are similarly situated, without any factual support plausibly suggesting similarities "in all material respects."  *Id.* at 1220.  Shifrin's complaint offered just the type of conclusory allegations that are insufficient to state a claim.

Shifrin failed to adequately plead the first element of an equal protection claim. Therefore, we need not consider other aspects of the district court's analysis before concluding that the district court did not err in dismissing the complaint.

B

Shifrin also argues that the district court erred in denying his motion to file a second amended complaint. The district court accepted the magistrate judge's recommendation to deny the motion to amend because (1) the proposed amendments would be futile, and (2) Shifrin had not offered any explanation for failing to include his new allegations in his first amended complaint. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). "Although we review a district court's decision to deny a motion to amend a pleading for abuse of discretion, when the denial is based on a determination that amendment would be futile, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Peterson v. Grisham*, 594 F.3d 723, 731 (10th Cir. 2010) (internal quotation marks omitted).

On appeal, as he did in his objections to the magistrate judge's report and recommendation, Shifrin focuses on arguing that his proposed amendments were not futile. In light of our discussion above, we need only address whether the proposed

amendments would have cured the infirmities in pleading substantial similarity. With regard to this issue, Shifrin proposed to name a third similarly situated individual. But the proposed addition of a new name, with no further information regarding material circumstances, fails to cure the deficiencies discussed above. Therefore, allowing the amendment would be futile, as the second amended complaint would still fail to plead the first element of an equal protection claim.

In addition, the district court offered a second reason for denying amendment: undue delay. "It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." *Frank*, 3 F.3d at 1365-66 (citations omitted). Before the district court, Shifrin offered no explanation for the delay. Moreover, "where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Id.* at 1366 (brackets and internal quotation marks omitted). The magistrate judge concluded that Shifrin knew or should have known, at the time he filed his first amended complaint, of the allegations he sought to add in the second amended complaint. For these reasons, the district court did not abuse its discretion in denying leave to amend.

C

Citing Fed. R. Civ. P. 56(d), Shifrin argues that the district court should have allowed him to engage in discovery before dismissing his complaint. But Shifrin

requested discovery only in his objections to the magistrate judge's second report and recommendation. The request does not identify with specificity what Shifrin hoped to discover, and it does not appear that he filed a Fed. R. Civ. P. 56(d) affidavit. Because the request did not comply with Rule 56(d)'s requirements, the district court did not abuse its discretion in denying discovery. *See McKissick v. Yuen*, 618 F.3d 1177, 1190 (10th Cir. 2010) (addressing compliance with Fed. R. Civ. P. 56(f), the predecessor to Rule 56(d)); *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783-84 (10th Cir. 2000) (same).

D

Finally, in his reply brief, Shifrin asserts that the district court erred in dismissing his due process claim. This court generally does not consider arguments raised for the first time in a reply brief. *See Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011). Further, Shifrin did not object to the magistrate judge's recommendation that the district court dismiss the due process claim. Under this court's "firm waiver rule," a party's failure to timely object to a report and recommendation also generally precludes appellate review. *See Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008). There are exceptions to the firm waiver rule, *see id.*, but it does not appear that they would apply here, even if the due-process issue had been argued in the opening brief.

III

The judgment of the district court is AFFIRMED.

                              Entered for the Court


                              Monroe G. McKay
                              Circuit Judge