FILED
United States Court of Appeals
Tenth Circuit

August 25, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KEVIN DEWAYNE WINCHESTER,

     Petitioner - Appellant,

v.

ROBERT PATTON, Director of the
Oklahoma Department of Corrections,

     Respondent - Appellee.

No. 15-7031
(D.C. No. 6:14-CV-00260-RAW-KEW)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

State prisoner Kevin Dewayne Winchester, proceeding pro se,[1] moved for

habeas relief in federal district court under 28 U.S.C. § 2241 to challenge the

monetary restitution imposed on him in a prison disciplinary proceeding. He alleged

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We therefore construe his arguments liberally. *Erickson v. Pardus*, 551 U.S.
89, 94 (2007) (per curiam); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th
Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of
liberal construction stops, however, at the point at which we begin to serve as his
advocate.").

three claims: (1) insufficient evidence to support the disciplinary violation in violation of due process, (2) collection of restitution without a proper order in violation of due process and equal protection, and (3) state court judicial discrimination in violation of due process and equal protection.

The district court dismissed the first two claims for failure to exhaust administrative remedies and the third claim as meritless. Mr. Winchester has filed a brief combining a request for a certificate of appealability (COA) and for relief on the merits.

A proper § 2241 petition "attacks the execution of a sentence," *Haugh v. Booker*, 210 F.3d 1147, 1148 (10th Cir. 2000); *see Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). It "attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). In contrast, "a prisoner who challenges the conditions of his confinement must do so through a civil rights action." *Palma–Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (citation omitted).

Mr. Winchester's claims are not cognizable under § 2241. None concerns the fact or duration of his confinement or the execution of his sentence. The disciplinary restitution was not imposed as part of his sentence for his underlying offense. As the district court said, "his claim cannot be presented in a § 2241 action" because he "did not lose any earned credits." ROA at 150. The district court further noted that Mr. Winchester "presented no authority to support his allegation that his restitution claim

can be presented in a § 2241 petition." *Id.* at 201. He has not done so here. And he has not shown how the disciplinary proceeding affected his sentence in any way.

Although Mr. Winchester improperly characterized his claims as sounding under § 2241, "[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so . . . to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381-82 (2003) (citations omitted).

When properly characterized as a civil rights action, it does not require a COA. *See* 28 U.S.C. § 2253(c)(1)(A) (COA required to appeal a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" (emphasis added)). But even viewing Mr. Winchester's action as a 42 U.S.C. § 1983 claim, we must affirm dismissal.

A prisoner challenging disciplinary proceedings under § 1983 must exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Booth v. Churner*, 532 U.S. 731, 736 (2001).

Mr. Winchester devotes most of his brief to describing and criticizing the disciplinary proceedings, especially how restitution was determined and collected, and to attempting to show he followed required procedures. We have carefully

- 3 -

reviewed Mr. Winchester's brief, the district court order, and the material portions of the record on appeal, and agree with the district court that Mr. Winchester failed to exhaust his available administrative remedies to bring his first two claims.

As to Mr. Winchester's third claim—that the state district court discriminated against him—he does not present an argument in his brief as to how the federal district court may have erred in dismissing this claim. We therefore do not address it here. *Reedy v. Werholtz*, 660 F.3d 1270, 1275 (10th Cir. 2011) (When "[t]he argument section of [the] opening brief does not challenge the [district] court's reasoning on [a] point[, w]e ... do not address the matter.")

Based on the foregoing, we conclude that (1) Mr. Winchester mischaracterized his claims regarding disciplinary restitution as cognizable under § 2241; (2) viewed as § 1983 claims, they should be dismissed because he has not exhausted his administrative remedies; and (3) we do not reach his judicial discrimination claim because it is not adequately briefed on appeal.

Although we uphold the district court's determination that Mr. Winchester on his first two claims "failed to exhaust, we vacate and remand [those claims] for the court below to either modify its opinion to specify that the dismissal is without prejudice, or make a determination on the merits within its permissible scope to do so under 42 U.S.C. § 1997e(c)(2)." *Fitzgerald v. Corrs. Corp. of Am.*, 403 F.3d 1134, 1140 (10th Cir. 2005); *see Gallagher v. Shelton*, 587 F.3d 1063 (10th Cir. 2009). We

affirm dismissal of the third claim.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge