**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 10, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL E. REEDY; TODD DEAL;
GRANT NIXON; GERRY A.
BURDEN; ERIC HOFFMAN;
TIMOTHY LYNN COLLINS; LARRY
B. COLEMAN; MARK E. CARROLL;
RAY A. HARRIS; MICHAEL JAMES
PERRY; SHERWIN TAYLOR;
KRISTOPHER T. VALADEZ;
LAWRENCE STAFFORD;
KENNETH D. MCNELLY; DEREK
BEDFORD; BRIAN MANIS; BRIAN
MCGOLDRICK; JOSEPH RICHARD
RIVERA, SR.; ZACHARY
STEWARD; CRAIG PITTMAN;
MARK DEAN MCCLOUGH;
WILLIAM SHAFFER; JOHN
BRUNER; I. G. WIMBISH;
CHARLES JONES; DANIEL EATON,
JR.; LEE AMONO; RONALD
MCCOWN; ANTWAN STEELE;
JAMES NANCE; NATHANIEL
TURNER; DEON DEAN; ROBERT
LAW; ST. JOHN TYLER; DANIEL
M. DIAS; GEORGE ANTHONY;
CODE LASTER; ALAN KINGSLEY;
BILLY SARTIN; BRYAN DEPRIST;
KEITH KEYLON; DAVID JORDAN;
TREVER CORBETT; DANNY
PICKERILL; ANDREW PEREZ;
GARY HICKS; MIKE W.
KESSELRING; ANTHONY DEAN
CONLEY; FLOYD BLEDSOE;
ANTHONY B. MARTINEZ;
MICHAEL ROADENBAUGH;
NOBLE LEROY JOHNSON;

No. 11-3040

GORDON R. BARNES; JOHN SAMPSON; ROBERT E. MITCHELL; PATRICK ANGELO; ROBERT PINEDA; GARNET TOLEN; CHRISTOPHER M. TROTTER; DAVID M. YOUNG; DOUGLAS L. HERONEMUS; REYNALDO ALVIDREZ; CHRISTOPHER D. VANBEBBER; JACK R. THOMAS; HOWARD BORDERS; MATTHEW NEWTON; FRANK J. PENCEK; GARLAND HILL; MICHAEL DAVIDSON; ROBIN BRANSON; DAVID NAPIER; GARY MCDANIEL; HOMER JONES; VAUGHN L. FOOURNOY; JASON LANDRETH; JERRY D. RICE; JOSEPH PALMER; BILL ELLIOTT; OLANDER J. HICKLES; JOSEPH ESHER; NATHANIEL JOHNS; PETE SPENCER; WILLIAM D. ALBRIGHT; JOEY BOYD; TRACY MARKEE; JERRY BRAMLETT; RICHARD ALDAPE; CHARLES HART; MICHAEL YARDLEY; DUANE LEACH; VICTOR SMITH; JAMES CARLSON; ALBERT L. BOSCH; UNDRA D. LEE; DENNIS WALLACE; RICKY DAVIS; CHRIS DAVISSON; TOMMIE KINGYON; MALCOLM T. PINK; RICKY PAYNE; JOSEPH VAUGHN; MICHAEL MCCLURE; KENN GUTH; (FNU) BUEHLER-MAY; DAME TAYLOR; LEMARCO WILLIAMS; RORIE JOHNSON; RONALD O. EDWARDS; CHRISTOPHER BROWN; KEVIN RISBY; EARL WILSON; DERICK HENDERSON; CHARLES WEY;

MICAH YOAKUM; MARCUS KELLEY, JR.; ASAAD BROWNING; SABASTAIN CANON; LOUIS OSEI COTTON; ROBERT COTTON; DAVID DELIMONT; ROY DUDLEY; LARRY GRIFFIN; LARRY HANES; HOWARD JONES; SCOTT MCCARKENDALE; ERNEST DAVIS; JOHN GOSS; ANTHONY GRIFFIN; JOHNNY WIGGINS; JEARL ADAMS; J. J. MARTIN; MARK HUPP; LESIE WALKER; JAMES GAMBLER; JAMES WOOLDRIDGE; DON ROWELL; PAUL NELSON; BENJAMIN ROGERS; JEFFREY J. SPERRY; KENETH KINZENBAW; ROMEL ALBUFAKHER; ROOSEVELT BROWN; BRYON BROYLES; MICHAEL CARRIER; MICHAEL COTE; JAMES CROMWELL; ROMANE DOUGLAS; THOMAS DRENNAN; LAWRENCE ELNICKI; NEAL EVERTS; MELVIN HOLMES; TERRELL HURT; DAVID MEGGERS; MARK PETTERS; KENNETH ROBINSON; CLAYTON SWANNER; BRIAN TROBER; MARCUS TUGGLE; JAMES WATSON; DAVID BOWMAN; MARVIN CANAAN; DAREN CREEKMORE; DENNIS HUXLEY; DUANE HENRY; ROBERT KUHLMAN; NATHANIEL COOPER; LE-VOI D. EASTERWOOD; CARL MITCHELL; GREGORY WALLS; CORY GLEN HAMONS; PATRICK SCHWEIGER; DONALD HUBBARD; JOSHUA OLGA; BRAD SMITH; RICK LABRUM; BOBBI HANKINS,

Plaintiffs-Appellants,

v.

ROGER WERHOLTZ, Secretary of
Corrections, Kansas Department of
Corrections,

Defendant-Appellee.

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 5:10-CV-03155-JWL)**

Submitted on the briefs:[*]

Leroy T. Messenger, Leawood, Kansas, for Plaintiffs-Appellants.

Derek Schmidt, Attorney General, Kimberly M.J. Lynch, Assistant Attorney
General, Office of Attorney General, Topeka, Kansas for Defendant -Appellee.

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

**HARTZ**, Circuit Judge.

Plaintiffs, a group of inmates in the custody of the Kansas Department of

Corrections (KDOC), brought this action against Roger Werholtz, Secretary of

KDOC (the Secretary), under 42 U.S.C. § 1983 and state law.  They challenge

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.

two policies set forth in the KDOC's Internal Management Policy and Procedure (IMPP), which, with a few exceptions not relevant to this appeal, require money obtained by the inmate to be saved for use upon release from prison. IMPP 04-103 requires each inmate to place 10% of funds received from sources outside KDOC into a "forced savings account,"[1] Aplt. App. at 250; and IMPP 04-109 requires inmates who are employed through either traditional or private work-release programs to deposit a specified portion of their earnings into a "mandatory savings account,"[2] *id.* at 259. If the prisoner dies before release, funds in the compulsory savings accounts go to the prisoner's estate. *See* IMPP 04-103. Plaintiffs' imprecise amended complaint appeared to contend that these policies (1) violate their private-property rights without due process, in violation of the Fifth and Fourteenth Amendments; (2) are unconstitutionally vague; (3) violate the federal and Kansas constitutional prohibitions on cruel and unusual punishment; and (4) impose punishment in violation of the "principles of ex post facto." *Id.* at 138.

---

[1]     Funds in the account can be used before the inmate's release only for very limited purposes. They are available to pay for garnishments and identification documents such as birth certificates and driver's licenses. And if the inmate has no cash available balance, funds can be used for civil filing fees and subpoena fees. *See* IMPP 04-103.

[2]     Funds in the account can be used before release only for garnishments. *See* IMPP 04-103.

Contending that Plaintiffs had failed to state a claim and had failed to exhaust their administrative remedies, the Secretary filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, to grant summary judgment. The United States District Court for the District of Kansas granted the motion to dismiss, ruling that the compulsory-savings plans did not violate Plaintiffs' rights. Plaintiffs appeal. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Plaintiffs' opening brief is not much more cogent than their amended complaint. If Plaintiffs were pro se, we would construe their pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But they are represented by counsel, and we expect attorneys appearing before this court to state the issues on appeal expressly and clearly, with theories adequately identified and supported with proper argument. The Federal Rules of Appellate Procedure require an appellant's brief to contain an argument stating "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which appellant relies." Fed. R. App. P. 28(a)(9). "It is insufficient merely to state in one's brief that one is appealing an adverse ruling below without advancing reasoned argument as to the grounds for the appeal." *United States v. Kunzman*, 54 F.3d 1522, 1534 (10th Cir. 1995) (internal quotation marks omitted). On most issues Plaintiffs' brief has failed to meet this standard.

To begin with, some issues raised below are not mentioned in the opening brief, much less argued, and are therefore abandoned. *See Tran v. Trs. of State*

-6-

*Colls. in Colo.*, 355 F.3d 1263, 1266 (10th Cir. 2004). Those issues include vagueness, cruel and unusual punishment (the Eighth Amendment), the ex post facto doctrine, and the Kansas Constitution. Although Plaintiffs argue in their reply brief that the district court failed to rule on a number of claims, the argument, apart from being largely incorrect, comes too late. "[T]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief." *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009). We see no reason to depart from that rule here.

Plaintiffs hardly do much better in their argument that the district court did not rule on their request for injunctive relief. Apart from one case citation, the totality of their argument on this issue in the opening brief is as follows: "Plaintiffs sought relief in the form of a permanent injunction. Qualified immunity is an affirmative defense to damage liability and is not a defense/bar for declaratory judgment or injunctive relief." Opening Br. at 19. Nowhere do Plaintiffs state the standards applicable to the grant of injunctive relief and explain why the facts and the law support that remedy in this case. Issues not adequately briefed will not be considered on appeal. *See Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1547 (10th Cir. 1995).

Plaintiffs' opening brief does make a start at arguing procedural due process. But it argues only that they have a property interest in their prison wages. That argument is inadequate. To establish a procedural-due-process

-7-

claim, a plaintiff needs to demonstrate not only the possession of a protected property interest but also a denial of an appropriate level of process. *See Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1219 (10th Cir. 2006). The district court assumed that Plaintiffs had the requisite property interest but ruled that the process provided was adequate. The argument section of Plaintiffs' opening brief does not challenge the court's reasoning on this point. We therefore do not address the matter. *See Kelly v. City of Albuquerque*, 542 F.3d 802, 819 (10th Cir. 2008).

Plaintiffs do, however, adequately (though barely) raise a substantive-due-process challenge. Prisoners are entitled to substantive due process; but substantive-due-process rights available to free persons may be denied to prisoners if the denial "bear[s] a rational relation to legitimate penological interests." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003). We read Plaintiffs' briefs to contend that the KDOC regulations lack such a rational relation.

To address this claim, we divide Plaintiffs into two groups: lifers and release-eligible prisoners. Despite their complaint's blanket allegation that all Plaintiffs are lifers—that is, that they will be in prison for the rest of their lives—the record establishes that some of them (whom we will call release-eligible prisoners) have a reasonable chance of release during their lifetimes because they were not sentenced to life without parole or to terms so long that it would be impossible for them to live long enough to serve them. That

-8-

some Plaintiffs are release-eligible prisoners is apparent from the five grievances attached to the amended complaint. They reveal that none of those who filed the grievances had been sentenced to life without parole. And according to the recitations in the grievances, three are eligible for parole at ages 42, 70, and 76, and the other two have release dates at ages 64 and 91 (but the grievances say nothing about their eligibility for parole).

We need not linger long on the claims raised by release-eligible prisoners. In our view, compulsory savings accounts for release-eligible prisoners do not violate substantive due process because they are rationally related to the legitimate penological purpose of ensuring that inmates have funds upon release to ease their transition into free society. *See Sperry v. Werholtz*, 321 F. App'x 775, 778 (10th Cir. 2009); *Flinkfelt v. Wall*, No. 09-589 S, 2010 WL 786038, at *4 (Order, D. R.I. Mar. 3, 2010); *cf. Jones v. Houston*, No. 4:06CV3314, 2007 WL 3275125, at *11 (D. Neb. Nov. 2, 2007) (rejecting equal-rights challenge to a prison compulsory-savings policy because the policy, as applied to those sentenced to a term of years, serves the reasonable penological interest "of assisting inmates who will eventually be released" ). In any event, Plaintiffs have raised no argument challenging compulsory savings accounts for release-eligible prisoners.

The lifers, however, are differently situated. Because they will never be released, there can be no legitimate penological interest in accruing funds to help

ease their transition into society. Nevertheless, we cannot review the merits of their claims and determine whether there is some other justification for their having compulsory savings accounts. We are barred from such review by the exhaustion requirement of the Prison Litigation Reform Act of 1995 (PLRA), 110 Stat. 1321-72, as amended, 42 U.S.C. §§ 1997e. Under the PLRA, inmates must "exhaust prison grievance remedies before initiating a lawsuit" based on federal law. *Jones v. Bock*, 549 U.S. 199, 204 (2007).

Failure to exhaust, which is an affirmative defense, *see id.* at 216, was raised by the Secretary in his district-court motion to dismiss. Although the court did not rule on that motion, we may "affirm on any ground supported by the record, so long as the appellant has had a fair opportunity to address that ground." *See Alpine Bank v. Hubbell*, 555 F.3d 1097, 1108 (10th Cir. 2009) (internal quotation marks omitted). The Secretary's brief in support of his motion noted the admission in Plaintiffs' amended complaint "that only 5 of the 176 plaintiffs have submitted grievances through KDOC's grievance procedures." Aplt. App. at 231. Those five grievances were the grievances submitted by release-eligible prisoners that we discussed earlier. In their response to the motion, Plaintiffs did not assert that any others had submitted individual grievances on the compulsory-savings issue. Therefore, it is undisputed that no plaintiff has submitted a grievance challenging the compulsory-savings requirement for lifers. Even if a grievance filed by one plaintiff could satisfy the exhaustion requirement for all

plaintiffs in a class action (an issue we need not address), there must still be at least one grievance that presents the challenge to the compulsory-savings requirements being raised on appeal. But none does.

Plaintiffs argued in district court that the claims of the 171 plaintiffs who had not submitted individual grievances to the KDOC should not be barred for failure to exhaust. First, they relied on a KDOC regulation saying that "'no offender shall abuse the grievance system by repeatedly filing the same complaint.'" Aplt. App. at 137 (quoting Kan. Admin. Regs. § 44-15-102(d)(3)). They suggested that it would have been a violation of that regulation for all the prisoners to challenge the same compulsory-savings requirements. But the Secretary responded that this regulation relates to multiple filings by one prisoner, not related grievances of multiple prisoners. Because this is the clear import of the regulation, we agree that KDOC rules did not excuse the 171 plaintiffs from filing grievances. *See Jones*, 549 U.S. at 218 ("[T]he prison's requirements . . . define the boundaries of proper exhaustion.")

Second, Plaintiffs argued that the 171 plaintiffs who did not file individual grievances had exhausted their remedies because their attorney raised their compulsory-savings issues in a letter to the Secretary on behalf of all of them. But the KDOC rules speak only in terms of grievances filed by individual prisoners. *See* Kan. Admin. Regs. § 44-15-101(d). Although the rules do allow an inmate to bring unusually difficult or complex issues to the attention of prison

officials outside the grievance process, *see id.* § 44-15-201, the prison official may decide that the matter is more appropriate for the regular grievance process and so inform the inmate. Plaintiffs' counsel was so informed by the Secretary in response to counsel's letter.

Accordingly, we hold that a claim was not exhausted if it was not raised in at least one of the five individual grievances referenced in Plaintiffs' amended complaint. Because there was no exhausted compulsory-savings claim by a lifer, we do not address whether application of the compulsory-savings requirements to lifers violates substantive due process.

We can now briefly dispose of Plaintiffs' remaining contentions. They alleged in their complaint that as a condition of obtaining prison employment, they are required to sign a contract to deposit funds into the compulsory-savings plans. On appeal they argue that this requirement violates the doctrine of unconstitutional conditions under which "the government may not require a person to give up a constitutional right in exchange for a discretionary benefit conferred by the government where the benefit sought has little or no relationship to the property." *Vance v. Barrett*, 345 F.3d 1083, 1091-92 (9th Cir. 2003) (ellipsis and internal quotation marks omitted). But the only constitutional right that they have properly claimed on appeal is the alleged substantive-due-process right of release-eligible prisoners to their compulsory savings, and we have just rejected that claim. Thus "consent" by prisoners is not necessary for the funds to

-12-

be withheld, and the requirement that they sign an acknowledgment that the funds will be withheld is not the imposition of an unconstitutional condition. *See id.* at 1088 (if no constitutional rights have been jeopardized, no claim for unconstitutional conditions can be sustained).

Finally, Plaintiffs contend that the district court erred in rejecting the allegations in their amended complaint. The contention is false. The court explicitly stated that it "must accept the facts alleged in the complaint as true." Aplt. App. at 311. The court's acceptance of factual allegations did not require it to accept Plaintiffs' legal conclusions.

The judgment of the district court is AFFIRMED.