FILED
United States Court of Appeals
Tenth Circuit

October 10, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STEVEN R. WILSON,

        Plaintiff-Appellant,

v.

LT. RYAN BEZONA; CMC ACC SGT.
MATHIS; CMC ACC CO-I WAGNER,

        Defendants-Appellees.

No. 12-1078
(D.C. No. 1:10-CV-00756-REB-KLM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **HOLMES**, Circuit Judge.

Steven R. Wilson, a prisoner at the Colorado Department of Corrections'

Arrowhead Correctional Center (Arrowhead), appeals the district court's grant of

summary judgment in favor of three Arrowhead officials, on his claims brought

pursuant to 42 U.S.C. § 1983.  Specifically, he alleges that defendants violated his

constitutional rights by refusing to accept legal mail sent to him at Arrowhead, and

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

by not informing him that they had rejected the mail. He also alleges that defendants violated his constitutional rights by refusing to provide him with the addresses of attorneys who sought to contact him at Arrowhead by mail.

Defendants moved for summary judgment arguing, in pertinent part, that Mr. Wilson had failed to exhaust available administrative remedies before filing this lawsuit, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).[1] The magistrate judge agreed with the defendants. She found that Mr. Wilson did not comply with the Colorado Department of Corrections' Administrative Regulation 850-04 § (IV)(B)(4)(a), which provides that "[g]rievances that are submitted without copies of former steps and responses shall be denied on procedural grounds. The offender in that case will not have exhausted his administrative remedies." R. at 239. The magistrate judge also found that Mr. Wilson failed to produce any evidence supporting his conclusory assertion that he and other inmates do not have "any way to make copies of their grievance forms," such that it is impossible to comply with 850-04 § (IV)(B)(4)(a). *Wilson v. Bezona*, No. 10-cv-00756-REB-KLM, 2011 WL 7425472, at *6 (D. Colo. May 23, 2011). *Cf. Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) ("Where prison officials prevent, thwart, or hinder a prisoner's efforts to

---

[1]     Congress has directed that no suit over prison conditions may be brought "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). This includes "compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90. In other words, a prisoner must comply with procedural "rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

avail himself of an administrative remedy, they render that remedy unavailable and a court will excuse the prisoner's failure to exhaust." (internal quotation marks omitted)). Ultimately, the magistrate judge concluded that there was "no genuine issue of material fact" regarding whether Mr. Wilson had "failed to exhaust his administrative remedies before filing this action." *Wilson*, 2011 WL 7425472, at \*7. Accordingly, she recommended granting summary judgment in defendants' favor and dismissing the case without prejudice. *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (noting Supreme Court's teaching "that courts should . . . dismiss . . . unexhausted claims *without prejudice*" (emphasis added)). Upon de novo review, the district court adopted the magistrate judge's recommendation, granted summary judgment, and dismissed the case for failure to exhaust administrative remedies. Its dismissal, however, was "with prejudice." *Wilson v. Bezona*, No. 10-cv-00756-REB-KLM, 2012 WL 628620, at \*2 (D. Colo. Feb. 27, 2012). This appeal followed.

Because Mr. Wilson is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94, (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n. 1 (10th Cir. 2007). On appeal he asserts, as best we can discern, that the district court erroneously: (1) failed to address whether the defendants are entitled to qualified immunity, (2) failed to address defendants' contention that the prison's mail policy is reasonably related to legitimate penological interests, and (3) concluded that he did not exhaust all of his administrative remedies.

Our jurisdiction arises under 28 U.S.C. § 1291. We review de novo all aspects of the challenged district court decision. *See Nielson v. Ketchum*, 640 F.3d 1117, 1121 (10th Cir. 2011) ("We review summary judgment decisions de novo, applying the same legal standard as the district court." (internal quotation marks omitted)); *Thomas v. Parker*, 609 F.3d 1114, 1117 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 1691 (2011) ("We review de novo the district court's finding of failure to exhaust administrative remedies." (internal quotation marks omitted)).

As noted above, the district court dismissed all of Mr. Wilson's claims because he failed to exhaust his administrative remedies before filing this lawsuit. Having reviewed the briefs, the record, and the applicable law pursuant to the above-mentioned standards, we hold that Mr. Wilson has not identified any reversible error in this case.[2] We therefore AFFIRM the judgment of the district court for substantially the same reasons stated in the magistrate judge's thorough recommendation dated May 23, 2011, and adopted by the district court in its order dated February 27, 2012. But because the district court incorrectly dismissed the case *with* prejudice, we REMAND to the district court so that it may modify its dismissal to be without prejudice for failure to exhaust administrative remedies.

---

[2]     Contrary to Mr. Wilson's position on appeal, the district court could not review the merits of whether defendants are entitled to qualified immunity, or whether the prison's mail policy is reasonably related to legitimate penological interests. *See Reedy v. Werholtz*, 660 F.3d 1270, 1276 (10th Cir. 2011) (observing that PLRA's exhaustion requirement bars this court from reviewing the merits of an inmate's unexhausted claims).

Additionally, we AFFIRM the district court's denials of Mr. Wilson's motions for appointment of counsel—to the extent he intends to appeal those decisions. *See* Aplt. Opening Br. at 19. We DENY Mr. Wilson's motion requesting oral argument. And, we GRANT his motion for leave to proceed on appeal without prepayment of costs or fees and remind him that he must make partial payments until the entire appellate filing fee is paid in full.

Entered for the Court

Jerome A. Holmes
Circuit Judge