**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 10, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MATTHEW RUCKER,

　　Plaintiff - Appellant,

v.

SERGEANT JASON GILMORE;
LIEUTENANT TRACY MCCULLOCH;
WARDEN JEFFREY FEWELL; DON
ASH; SERGEANT ROBERT ROME;
MAJOR JAMES EICKOFF; CAPTAIN
JOHN RUSSELL,

　　Defendants - Appellees.

No. 15-3039
(D.C. No. 5:13-CV-03028-JAR)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **PHILLIPS**, Circuit Judges.
_____

　　Matthew Rucker appeals from the district court's grant of summary judgment

to defendants in his civil rights suit under 42 U.S.C. § 1983. Exercising jurisdiction

under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Rucker was confined at the Wyandotte County Detention Center, which has a policy that inmates must send all non-official mail on postcards, rather than in envelopes. After jail officials confiscated letters to media that he enclosed in envelopes, Mr. Rucker wrote a TV station a series of five postcards. Those cards included statements that a health care provider construed as suicidal. Mr. Rucker was transferred to the medical housing unit and placed on suicide watch. He alleges the medical cell was unsanitary, with urine on the floor and mattress; he was not given a gown for four hours; the heat did not work; and he was forced to shower shackled in a locked cage shower. Ultimately he sued defendants for violating his rights under the First, Eighth, and Fourteenth Amendments.

In a comprehensive order, the district court determined that defendants were entitled to qualified immunity. The court held that Mr. Rucker had not shown any violation of his right to free speech and that, to the extent he challenged the postcard-only policy, the law was not clearly established that such a policy could be unconstitutional. The court further held that Mr. Rucker had not shown that retaliation was the "but for" motive for placing him on suicide watch. As for his conditions of confinement, the court determined that the conditions did not rise to the level of constitutional violations, particularly since they lasted just hours or at most a few days. The court also held that Mr. Rucker had offered no evidence that defendants were deliberately indifferent to the conditions. Finally, the court held that Mr. Rucker's right to equal protection was not violated when officials refused to give him copies of policies that other inmates allegedly received.

2

Mr. Rucker proceeds pro se on appeal, as he did in the district court. Although we liberally construe his filings, he must follow the same procedural rules as other litigants. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Federal Rule of Appellate Procedure 28(a)(8)(A) directs an appellant to provide, in his opening brief, an "argument, which must contain . . . [his] contentions and the reasons for them, with citations to the authorities and parts of the record on which [he] relies." "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett*, 425 F.3d at 840.

Mr. Rucker's opening brief presents vague and conclusory assertions that fail to address the district court's detailed reasons for granting summary judgment to defendants. The first point in his argument section is that defendants have not shown he agreed to the jail's postcard-only policy. That is irrelevant; he is bound by policies in effect regardless of whether he agrees with them. The second point states that defendants, as Kansas officials, have contracted with the United States "to cause no injury or harm to any and/or all natural person[]s," Aplt. Opening Br. at 3, but they have in fact harmed him. This general assertion is insufficient to challenge the judgment. "Under Rule 28, which applies equally to pro se litigants, a brief must contain more than a generalized assertion of error." *Garrett*, 425 F.3d at 841 (ellipsis and internal quotation marks omitted); *see also Reedy v. Werholtz*, 660 F.3d 1270, 1275 (10th Cir. 2011) ("Issues not adequately briefed will not be considered on appeal."). "When a pro se litigant fails to comply with [Rule 28], we cannot fill the

3

void by crafting arguments and performing the necessary legal research." *Garrett*, 425 F.3d at 841 (brackets and internal quotation marks omitted).

Mr. Rucker makes additional assertions in his reply brief, but they too are general, and in any event they come too late. "The general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief. We see no reason to depart from that rule here." *Reedy*, 660 F.3d at 1274 (brackets, citations, and internal quotation marks omitted).

Mr. Rucker's motion to proceed without prepayment of costs and fees is granted. He is reminded that he must continue to make partial payments until the full amount of costs and fees is paid in full. The judgment of the district court is affirmed for substantially the reasons set forth in the district court's Memorandum and Order filed on February 6, 2015.

Entered for the Court


Timothy M. Tymkovich
Chief Judge