FILED
United States Court of Appeals
Tenth Circuit

June 6, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARK D. NIEDERQUELL; JUDITH A.
NIEDERQUELL,

     Plaintiffs - Appellants,

v.

BANK OF AMERICA N.A.; THE BANK
OF NEW YORK MELLON; PEGGY J.
KERN; GREEN TREE SERVICING,
LLC,

     Defendants - Appellees.

No. 16-1107
(D.C. No. 1:11-CV-03185-RM-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

     In 2005, Plaintiffs obtained a loan from Countrywide Home Loans, Inc., to

refinance their mortgage. The loan was secured by a deed of trust and evidenced by a

promissory note indorsed in blank. Plaintiffs made regular loan payments until 2009

when they defaulted. In 2011, Bank of New York Mellon asserted that it was the holder

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

of the promissory note, and therefore entitled to foreclose on the property, and commenced foreclosure proceedings by filing a Notice of Election and Demand for Sale by Public Trustee with the Rio Grande County Public Trustee. The bank then filed in state court a Rule 120 motion under Colorado Rule of Civil Procedure for an order authorizing sale. Attached were copies of the promissory note and the deed of trust. Plaintiffs did not oppose the Rule 120 motion, which was subsequently granted. For whatever reason, the property was not sold. Instead, two years later Bank of New York Mellon sought voluntary dismissal of the order authorizing sale.

But before the order was dismissed, Plaintiffs commenced a separate action in state court against Bank of New York Mellon and Bank of America, the loan servicer, seeking (1) a declaratory judgment stating that the Rule 120 order authorizing sale was void because the Bank of New York Mellon did not have standing to invoke the sale provision of the deed of trust and (2) a declaration that neither Bank of America nor Bank of New York Mellon holds a valid lien against the property. Defendants removed the matter to federal court. A few months later, Plaintiffs amended their complaint, adding the county public trustee as a defendant, as well as a new claim against Bank of America under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* A few months after that, servicing on the loan transferred from Bank of America to Ditech (formerly Green Tree Servicing), and Plaintiffs filed a second amended complaint to add Ditech as a defendant.

After limited discovery, Defendants moved for summary judgment. Copies of the promissory note and deed of trust were attached as exhibits. The motions were fully

briefed by May 2015. In November 2015, Ditech's counsel notified Plaintiffs that the original promissory note had been obtained. A month later, Defendants filed a joint motion to supplement their motions for summary judgment to add the original promissory note as an exhibit. Plaintiffs objected to the motion to supplement, and the court set a hearing on this motion as well as the pending motions for summary judgment.

At the hearing, the district court granted the motion to supplement after it inspected the promissory note and deed of trust. The presiding judge explained: "I have no doubt and so find that these documents that have been given to me . . . are, in fact, original documents." (Appellants' App. at 444.) Plaintiffs requested an opportunity to "submit that original, that document to forensic analysis," (*id*. at 453), which the judge denied because he found "that there is nothing about that note that raises even a suspicion," (*id*. at 455). As the judge pointed out, "[A]ll that exists, contrary to that finding [of authenticity], is some potential speculation that some forensic person somewhere might find something about that note that . . . could lead a reasonable jury to conclude that there is a question with regard to the originality of the note." (*Id.* at 468.) The judge then held that permitting Defendants to supplement the record on summary judgment was not "unduly prejudicial" to Plaintiffs and granted the motion to supplement. (*Id.* at 443.)

Next, the judge turned to the pending motions for summary judgment, which he granted after whittling down the complaint claim-by-claim. The judge dismissed first, to no objection, Plaintiffs' claims against the public trustee. Ditto the claim to void the

Rule 120 order sale. He granted Ditech's summary-judgment motion after Plaintiffs had conceded that "[t]here is no direct claim against [Ditech]." (*Id.*at 452.) The judge then denied Plaintiffs' claim that neither bank held a valid lien against the property because (1) "[Bank of America] never asserted a lien" (*id.* at 461) and (2) Bank of New York Mellon was "in possession of the original note," (*id.* at 468). Finally, the FDCPA claims were dismissed because, the district court held, the two banks were "not a debt collector within the meaning of the Fair Debt Collection Practices Act" as they had "obtained the loan prior to its default." (*Id.* at 466). Plaintiffs timely appealed.

"We review de novo a district court's grant of summary judgment and must view the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Bird v. W. Valley City*, 832 F.3d 1188, 1199 (10th Cir. 2016) (internal quotation marks omitted). "We will uphold the district court's grant of summary judgment only if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted). "[I]f the nonmovant bears the burden of persuasion on a claim at trial, summary judgment may be warranted if the movant points out a lack of evidence to support an essential element of that claim and the nonmovant cannot identify specific facts that would create a genuine issue." *Patel v. Hall*, 849 F.3d 970, 978 (10th Cir. 2017). "Importantly, in opposing a motion for summary judgment, the non-moving party cannot rest on ignorance of facts, on speculation, or on suspicion." *Bird*, 832 F.3d at 1199 (internal quotation marks omitted).

We review a district court's evidentiary rulings for abuse of discretion at the summary judgment stage, *Jones v. Barnhart*, 349 F.3d 1260, 1270 (10th Cir. 2003), which means that we "will not reverse if the district court's ruling falls within the bounds of permissible choice in the circumstances and is not arbitrary, capricious or whimsical," *United States v. Willis*, 826 F.3d 1265, 1270 (10th Cir. 2016) (internal quotation marks omitted).

At this point, it might be more helpful to list what was *not* appealed than what was. Plaintiffs do not appeal the dismissal of their claims against the public trustee or dismissal of their claim to void the Rule 120 order sale. Plaintiffs do not argue that the district court erred in granting summary judgment in favor of Ditech or on their FDCPA claims, at least in their Opening Brief, and "the omission of an issue in an opening brief generally forfeits appellate consideration of that issue," *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007); *see also Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011) ("The general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief." (brackets omitted)). That leaves one legal issue: whether Bank of New York Mellon holds a valid lien against the property, i.e., whether the bank holds the promissory note.

In moving for summary judgment, Defendants put forward evidence tending to show that Bank of New York Mellon was the holder of the promissory note. First, Bank of America's corporate representative testified that Bank of America had possession of the promissory note as custodian for Bank of New York Mellon while it serviced the loan. Second, Bank of America testified that it transferred the promissory note to Ditech

- 5 -

when loan servicing transferred. Third, counsel for Ditech produced the original promissory note in open court and attested, under oath, that Ditech held the note on behalf of Bank of New York Mellon.

In response to Defendants' motions for summary judgment, Plaintiffs failed to establish a genuine dispute as to whether Bank of New York Mellon was the holder of the note. Plaintiffs maintain that they "proffered evidence to prove . . . that neither [Bank of New York Mellon] nor [Bank of America] are holders of the Note[] in the only way possible—a demand to produce the original Note and a failure on the part of the Defendants or their agents to do so." (Appellants' Opening Br. at 15.) Plaintiffs are referring to discovery request number 1, which requested that Defendants "Produce the original Promissory Note signed by [Plaintiffs]." (Appellants' App.at 294 (emphasis in original).) Ditech responded by stating the promissory note was in possession of Bank of New York Mellon and had "been requested for your review and will be made available for inspection at the offices of [Ditech's counsel] at a mutually agreeable date and time if it is received." (*Id*.) Ditech's counsel then produced the original when it was received some months later.

Plaintiffs argue that the proffered original was inadmissible because it was untimely and not properly authenticated. But Plaintiffs have not demonstrated the district court abused its discretion by considering the note. *See Jones*, 349 F.3d at 1270; *see also Turner v. Reynolds Ford, Inc.*, 145 F.3d 1346 (table), 1998 WL 234540, at *7 (10th Cir. 1998) (unpublished) ("Whether to allow a party to supplement a summary judgment response is ordinarily subject to the trial court's discretion."). At the hearing, the judge

examined the note and found it authentic. What's more, Federal Rule of Evidence 902(9) provides for the self-authentication of "[c]ommercial paper, a signature on it, and related documents, to the extent allowed by general commercial law." This covers promissory notes and the signatures on such notes. *See* 31 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 7143 (1st ed.).

At the hearing, Plaintiffs could only speculate that the proffered original was not, in fact, the original. Plaintiffs' counsel admitted that, "looking in that note," he could not "come to any conclusion" other than the judge's, i.e., that "this appears to be the original note and deed of trust." (Appellant's App. at 452–53.) The judge, in his discretion, denied Plaintiffs' request to conduct a forensic analysis of the promissory note, explaining: "[Plaintiffs] signed this or didn't sign this. They know what they signed. . . . I have so found that it is the original note. I find that there is nothing about that note that raises even a suspicion . . . . I understand counsel's position, but it is simply chasing speculation." (*Id.* at 453, 455.)

With the admission of the original promissory note, Plaintiffs' only evidence that Bank of New York Mellon is not the holder of the note is Ditech's tardiness in producing the document during discovery. This is not enough to defeat Defendants' summary-judgment motions. As we have held, "in opposing a motion for summary judgment, the non-moving party cannot rest on ignorance of facts, on speculation, or on suspicion." *Bird*, 832 F.3d at 1199 (internal quotation marks omitted). Speculation and suspicion are all Plaintiffs have.

Accordingly, we **AFFIRM**.

Entered for the Court

Monroe G. McKay
Circuit Judge