FILED
United States Court of Appeals
Tenth Circuit

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 12, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

DOCTOR PERRY SPANN,

    Plaintiff - Appellant,

v.

THE NATIONAL CONFERENCE OF
BAR EXAMINERS; THE NATIONAL
CONFERENCE OF BAR EXAMINERS
BOARD OF TRUSTEES AND
OFFICERS; SUZANNE K. RICHARDS,
ESQ., individually and as a Chair and as an
Officer and as a Trustee; HULETT H.
ASKEW, ESQ., individually and as an
Immediate Past Chair and as an Officer and
as a Trustee; TIMOTHY Y. WONG, ESQ.,
individually and as a Chair-Elect and as an
Officer and as a Trustee; JOHN J.
MCALARY, ESQ., Individually and as a
Secretary and as an Officer and as a
Trustee; JUDITH GUNDERSEN, ESQ.,
individually and as the President/CEO and
as an Officer and as a Trustee; SCOTT
BALES, ESQ., individually and as an
Officer and as a Trustee; ARLENE Y.
COLEMAN, ESQ., individually and as an
Officer and as a Trustee; SOLOMON
OLIVER, JR., ESQ., individually and as an
Officer; AUGUSTIN RIVERA, JR., ESQ.,
individually and as an Officer and as a
Trustee; DARIN B. SCHEER, ESQ.,
individually and as an Officer and as a
Trustee; ANTHONY R. SIMON, ESQ.,
individually and as an Officer and as a
Trustee; ANN A. SCOTT TIMMER, ESQ.,
individually and as an Officer and as a

No. 24-2083

Trustee; MARILYN J. WELLINGTON, ESQ., individually and as an Officer and as a Trustee; BRAD GILBERT, ESQ., individually and as General Counsel; THE NEW MEXICO BOARD OF BAR EXAMINERS; SOPHIE MARTIN, ESQ., individually and as a Director of Communications, Education, and Outreach,

Defendants - Appellees.

_____

**Appeal from the United States District Court
for the District of New Mexico
(D.C. No. 1:21-CV-00709-MIS-SCY)**

_____

Submitted on the briefs:[*]

Laurel Francoeur, Woburn, MA, Lisa S. Cleveland, New York, New York, and Chandler Blair, Albuquerque, New Mexico, for Plaintiff-Appellant.

Robert A. Burgoyne, Perkins Coie LLP, Washington, DC, for National Conference of Bar Examiners, and related individuals, Defendants-Appellees.

Michael Dickman, Santa Fe, New Mexico for New Mexico Board of Bar Examiners, Defendant-Appellee.

_____

Before **HARTZ**, **BACHARACH**, and **CARSON**, Circuit Judges.

_____

**HARTZ,** Circuit Judge.

_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

2

After failing the New Mexico bar exam, Plaintiff Dr. Perry Spann sued the National Conference of Bar Examiners (the National Conference) and the New Mexico Board of Bar Examiners (the State Board) in the United States District Court for the District of New Mexico. The district court dismissed all the claims. Plaintiff appeals the dismissal of her claims against the National Conference for lack of personal jurisdiction, and the dismissal on the merits of her claims against the State Board. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the judgment below largely because Plaintiff failed to preserve her issues in district court or on appeal.

## I.    BACKGROUND

In February 2020 Plaintiff took the New Mexico bar exam. Because she is disabled, she was approved for certain testing accommodations. But, contending that she was not afforded those accommodations during the exam, she brought the present action and then amended her complaint three times before any defendant appeared in the case. Her third amended complaint alleged that the defendants' failure to provide these accommodations violated Titles II and III of the Americans with Disabilities Act (ADA), *see* 42 U.S.C. §§ 12131–12132, 12181–12189, violated § 504 of the Rehabilitation Act, *see* 29 U.S.C. § 794, and violated a number of other federal and state laws not at issue on this appeal. The district court dismissed her claims against the National Conference for lack of personal jurisdiction. At Plaintiff's request the district court permitted her to file a fourth amended complaint but limited it to only a proposed count against the State Board for violation of Title III of the ADA. Later, the district court granted the State Board's

3

motion to dismiss that ADA claim on the ground of sovereign immunity under the Eleventh Amendment.[1]

## II.    DISCUSSION

We first address Plaintiff's challenges to the district court's dismissal of her claims against the National Conference and then turn to her challenges to the dismissal of her claims against the State Board.

### A.    The National Conference

Plaintiff does not argue that the district court erred in ruling that it lacked personal jurisdiction over the National Conference based on the evidence before it when it so ruled. She challenges only the court's denial of her request to conduct discovery regarding the National Conference's contacts with New Mexico after the court had dismissed the claims against it for lack of personal jurisdiction.

The problem for Plaintiff is that she never properly requested this discovery below. Plaintiff filed this lawsuit in July 2021. In November 2021 the State Board moved to dismiss the third amended complaint based in part on qualified immunity and moved to stay discovery "as to all claims and all defendants" while that motion was pending.

---

[1] Plaintiff's third amended complaint also named individual members of the National Conference and of the State Board. But those claims are not at issue on appeal. Her appellate briefs do not challenge the district court's dismissal of the claims against the members of the National Conference for lack of personal jurisdiction. And as for her claims in her third amended complaint against individual members of the State Board, her proposed fourth amended complaint dropped the claims against all but one of the members and she has not challenged on appeal the district court's ruling denying leave to amend as to the remaining member on the ground that it would be futile.

Aplt. App. at 24. Plaintiff did not object to the motion to stay. On December 13, 2021, the National Conference moved to dismiss the claims and submitted declarations showing that it did not have the contacts with New Mexico necessary to subject it to personal jurisdiction. Two days later, the magistrate judge granted the stay of discovery. Plaintiff responded on the merits to the National Conference motion to dismiss, without requesting an exception to the stay. In August 2022 the magistrate judge recommended dismissing the claims against the National Conference for lack of personal jurisdiction. In her objections to the magistrate judge's recommendation, Plaintiff did not argue that she should be granted jurisdictional discovery. A month later the district court adopted the magistrate judge's recommendation and dismissed the claims against the National Conference for lack of personal jurisdiction. The dismissal was without prejudice because the court had not addressed the merits of the claims. *See Hollander v. Sandoz Pharms. Corp.*, 289 F.3d 1193, 1216 (10th Cir. 2002).

In November 2022, nearly a year after the National Conference first moved to dismiss for lack of personal jurisdiction, and over a month after that motion had been granted, Plaintiff tried to re-open the personal-jurisdiction question by reinserting the National Conference as a defendant in her proposed fourth amended complaint. In her motion to amend, Plaintiff said that her new attorney had uncovered evidence relevant to personal jurisdiction, including evidence that would contradict the affidavits on which the National Conference based its motion to dismiss. She did not explicitly request discovery in that motion, but instead asserted that her prior counsel had "asked this Honorable Court to conduct limited discovery on the issue of jurisdiction." Mot. to File Fourth Am.

5

Compl., 2, n.1, Dkt. No. 157. She failed to mention, however, that she had requested discovery only as to the State Board, and only on the issue of immunity. The first sentence of her motion for discovery states that it was filed "in response to" the State Board's motion to dismiss based in part on qualified immunity. Aplt. App. at 32. As the magistrate judge observed, "Never in that motion or her reply to that motion does Plaintiff request discovery related to the [National Conference] or personal jurisdiction." *Spann v. N.M. Bd. of Bar Exam'rs,* No. 21-CV-00709-MIS-SCY, 2023 WL 4132681, at *7 (D.N.M. June 22, 2023). It was not until December 2022, in her reply to the National Conference's opposition to her motion to amend, that Plaintiff explicitly requested jurisdictional discovery related to the National Conference. And even then Plaintiff did not state what discovery she sought or how that discovery would enlighten the issue of personal jurisdiction.

In June 2023 the magistrate judge recommended denying Plaintiff's motion to amend insofar as it included claims against the National Conference, noting that she had already had an opportunity to request jurisdictional discovery and that she provided "no valid reason to resurrect the already-closed debate about personal jurisdiction and go back to square one in the litigation of that issue." *Id.* Plaintiff objected to the magistrate judge's recommendation, arguing that she should have been allowed jurisdictional discovery before her claims against the National Conference were dismissed. But she did not state specifically what discovery she sought.

The district court adopted the magistrate judge's recommendation in September 2023 and denied Plaintiff leave to reinsert the National Conference in an amended

6

complaint. In October 2023, a year after the district court dismissed her claims against the National Conference, and nearly two years after the National Conference first moved to dismiss the claims for lack of personal jurisdiction, Plaintiff filed a motion for reconsideration arguing, again, that she should have been entitled to jurisdictional discovery, and that her prior request for discovery was directed not just at the State Bar but also at the National Conference. Yet she still did not state what specific discovery she sought. The court rejected Plaintiff's motion for reconsideration, concluding that "Plaintiff is attempting to revisit issues already considered and rejected <u>twice</u>." *Spann v. N.M. Bd. of Bar Exam'rs*, No. 1:21-cv-00709, 2023 WL 7182278, at *2 (D.N.M. Nov. 1, 2023).

On appeal Plaintiff argues that "[t]he burden was on the Defense to prove the Jurisdictional Discovery was unnecessary" and that the National Conference "failed to meet that burden." Aplt. Br. at 13. She is mistaken. The district court properly dismissed the claims against the National Conference based on the record it had before it at the time. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280–81 (11th Cir. 2009) (where plaintiff failed to take any formal action to compel discovery, district court did not abuse its discretion in dismissing complaint without conducting jurisdictional discovery). If further discovery would have helped Plaintiff, it was her burden to request it.

Nor did the district court abuse its discretion in refusing to reconsider its dismissal of the National Conference for lack of personal jurisdiction. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (district court did not abuse its discretion in denying motion to reconsider where motion basically revisited same issues already

addressed and dismissed). Under the law-of-the-case doctrine, once a court has ruled on an issue, that decision "should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). "The doctrine is based on sound public policy that litigation should come to an end and is designed to bring about a quick resolution of disputes by preventing continued re-argument of issues already decided." *Harris v. City Cycle Sales, Inc.*, 112 F.4th 1272, 1278–79 (10th. Cir. 2024) (internal quotation marks omitted).

This doctrine can be mandatory in what is called the "vertical plane"— "constricting a lower court vis-à-vis a higher court." *Id.* at 1279 (internal quotation mark omitted). A court cannot depart from a ruling from a higher court in the same case absent a material intervening change in the facts or the controlling law. *See Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225, n.4 (10th Cir. 2007); Bryan A. Garner et al., *The Law of Judicial Precedent* 460 (2016); *see generally* 18 *Wright & Miller's Federal Practice & Procedure* § 4478.3 (3d. ed. 1998).

But the doctrine also operates on a horizontal plane, guiding a court that has previously decided an issue. To be sure, the rules of procedure explicitly authorize federal district courts to revise any ruling before final judgment, *see* Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"), and those courts should not hesitate to correct prejudicial errors, *see*

8

*Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981); Garner, *supra*, at 447, so long as they protect against unfairness to the opposing party. *See United States v. Uccio*, 940 F.2d 753, 758 (2d. Cir. 1991) ("the decision whether or not to apply law-of-the-case is . . . informed principally by the concern that disregard of an earlier ruling not be allowed to prejudice the party seeking the benefit of the doctrine"); *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) (the relevant prejudice in this context is lack of notice and opportunity to be heard); Wright & Miller, *supra*, § 4478.1, at 670–73. But district courts ordinarily need not consider a motion to revisit unless "(1) substantially different, new evidence has been introduced; (2) later, contradictory controlling authority exists; or (3) the original order is clearly erroneous." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1099 (10th Cir. 2017); *see Major*, 647 F.2d at 112 ("Courts have generally permitted a modification of the law of the case when substantially different, new evidence has been introduced, subsequent, contradictory controlling authority exists, or the original order is clearly erroneous"); Garner, *supra*, at 480–89.

Here, Plaintiff has not made such a showing with respect to the dismissal for lack of personal jurisdiction. In particular, she failed to identify *any* law or facts, much less new ones, to justify lifting the stay for jurisdictional discovery. The district court hardly abused its discretion.

### B.    The State Board

We now turn to Plaintiff's claims against the State Board, only two of which are at issue on appeal. Plaintiff's third amended complaint asserted claims against the State Board under § 504 of the Rehabilitation Act and Title III of the ADA.

The State Board moved for summary judgment on the § 504 claim because that provision applies only to entities that receive federal funding. It submitted a declaration stating that members of the State Board do not receive a salary, the board is funded entirely from application fees, it does not receive any federal financial assistance, and it "does not receive vouchers issued by other agencies on behalf of disabled, handicapped or other applicants to pay their bar examination fees." Joint Aplee. Supp. App. at 3. It contended that the undisputed material facts established that the State Board does not receive federal funding. The district court agreed and granted summary judgment on the § 504 claim.

The State Board then moved to dismiss the Title III claim (as revised in Plaintiff's fourth amended complaint), raising two alternative grounds: that as a public entity it was not subject to Title III, and that it was an arm of the State of New Mexico entitled to immunity from suit in federal court under the Eleventh Amendment. The district court dismissed the claim on the second ground.

On appeal Plaintiff argues that the district court should have allowed discovery before granting summary judgment on the § 504 claim and that the Title III claim should not have been dismissed on the ground of Eleventh Amendment immunity. We are not persuaded.

10

In response to the State Board's motion for summary judgment on the § 504 claim, Plaintiff argued that she needed to conduct discovery to refute the declaration filed by the State Board and determine whether the Board receives federal funding. Although Plaintiff did not mention Fed. R. Civ. P. 56(d), the court treated her arguments as a motion for discovery under that rule.

Under Rule 56(d), to justify additional time to conduct discovery in response to a motion for summary judgment, "a party must submit an affidavit [or declaration] (1) identifying the probable facts that are unavailable, (2) stating why these facts cannot be presented without additional time, (3) identifying past steps to obtain evidence of these facts, and (4) stating how additional time would allow for rebuttal of the adversary's argument for summary judgment." *Hamric v. Wilderness Expeditions, Inc.*, 6 F.4th 1108, 1119 (10th Cir. 2021) (internal quotation marks omitted). We review for abuse of discretion the denial of a Rule 56(d) motion. *See id.* at 1119–1120.

There was no abuse of discretion here. To begin with, Plaintiff did not file an affidavit or declaration, an omission that itself would be dispositive. Moreover, the magistrate judge nevertheless reviewed Plaintiff's pleadings to determine whether her request for discovery met the substantive requirements of Rule 56(d) and found them lacking. The magistrate judge noted that Plaintiff had "describe[d] the probable facts not available: [the State Board]'s fiscal status and whether it or the New Mexico judiciary receives federal funds." *Spann*, 2023 WL 4132681, at *24 (internal quotation marks omitted). But "she fail[ed] to explain why those facts currently [could not] be presented[,]. . . describe[d] no steps taken to obtain those facts[, and] . . . fail[ed] to assert

11

how additional time [would] enable her to obtain these facts and how the facts would rebut the motion for summary judgment." *Id.*

Plaintiff objected to the magistrate judge's recommendation. But she still submitted no affidavit or declaration, nor did she try to explain how she satisfied all the requirements of Rule 56(d). Rather, she argued that she had been "clear about the fact that she needed additional discovery," and she "should not be denied the right to obtain the necessary discovery because of a technicality, especially when other federal courts have allowed such discovery in cases with the same issue against the same type of defendant." Objs. to Magistrate's Proposed Findings at 5. The district court overruled Plaintiff's objections, adopted the magistrate judge's recommendation, and granted summary judgment for the State Board on the § 504 claim.

On appeal Plaintiff speculates about the various mechanisms by which the State Board may receive federal funds, and she references cases in which discovery has been allowed on the federal-funding issue. She concludes that the claim "would not have been dismissed" had any of the referenced mechanisms been confirmed through discovery. Aplt. Br. at 19. What is missing, of course, is an explanation of how the district court abused its discretion in finding that she had not met the requirements of Rule 56(d). For example, she does not set forth what specific discovery she seeks or argue how it could affect the outcome. If she has not waived the issue by failing to adequately brief it, *see Reedy v. Werholtz*, 660 F.3d 1270, 1275 (10th Cir. 2011), at least she has failed to persuade us that the district court erred.

12

As for the Title III claim, Plaintiff contends that the district court erred in ruling that Eleventh Amendment immunity protected the State Board from suit under Title III of the ADA.[2] Under the Eleventh Amendment, States and their arms are immune from suit in federal court unless (1) the State waives its immunity, (2) Congress has overridden state immunity through congressional authority under § 5 of the Fourteenth Amendment, or (3) a state official is sued in his or her official capacity for prospective injunctive or declaratory relief under *Ex parte Young,* 209 U.S. 123 (1908). *See Levy v. Kansas Dept. of Soc. and Rehab. Servs.*, 789 F.3d 1164, 1168–69 (10th Cir. 2015). Because, as the parties agree*,* the State Board is an arm of the Supreme Court of New Mexico and therefore an arm of the State, we must consider whether an exception to immunity applies.

On appeal Plaintiff challenges the district court's ruling that the first exception does not apply.[3] The test for "whether a State has waived its immunity from federal-court

---

[2] As with her § 504 claim, Plaintiff argues that she should have been allowed to conduct discovery before the court ruled on Eleventh Amendment immunity. Presentation of the issue on appeal is so inadequate that she has waived her right to have this court address it. *See Reedy*, 660 F.3d at 1275. Her sole "argument" is to say that this circuit has "recognized that jurisdictional discovery may be appropriate to resolve issues of sovereign immunity," Aplt. Br. at 22 (capitalization and internal quotation marks omitted), and then cite a case, *Breakthrough Management Group, Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1189 (10th Cir. 2010), which affirmed the denial of jurisdictional discovery.

[3] Plaintiff's opening brief on appeal also asserts that the State Board is not entitled to sovereign immunity on a claim for breach of contract. But Plaintiff's breach-of-contract claim is not at issue on appeal. Although Plaintiff asserted various contract claims in her third amended complaint, the order granting her leave to file a fourth amended complaint permitted only a claim of violation of Title III of the ADA, and she does not challenge that order on appeal.

jurisdiction is a stringent one." *Sossamon v. Texas*, 563 U.S. 277, 284 (2011) (internal quotation marks omitted). A State's waiver must be "unequivocally expressed" and "strictly construed." *Id.* at 284–85. Plaintiff has not identified any such waiver. She argues only that New Mexico waived sovereign immunity in *Hicks v. State*, 544 P.2d 1153 (N.M. 1975). But *Hicks* has been superseded by the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to -27. *See Sanders v. N.M. Corr. Dep't*, 562 P.3d 572, 576 (N.M. 2024). And to waive Eleventh Amendment immunity in federal court, a state statute or constitutional provision "must specify the State's intention to subject itself to suit in *federal court*." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985). Thus, "a general waiver of sovereign immunity, apparently indeterminate in its scope or locus of effect, [is] insufficient." *Griess v. Colorado*, 841 F.2d 1042, 1044 (10th Cir. 1988). Plaintiff has cited to no New Mexico statute or constitutional provision explicitly waiving its immunity to suit in federal court on a claim like this one. *See Springer v. Seventh Jud. Dist. Ct.*, No. 24-2174, 2025 WL 3121605 (10th Cir. 2025) (unpublished) (general waiver provision in New Mexico Civil Rights Act said nothing about suits in federal court and therefore did not unequivocally express an intent to waive immunity in federal court).

Plaintiff also says that the second exception to sovereign immunity applies because Congress intended testing entities to be subject to Title III. True, Congress unequivocally expressed its *intent* to abrogate sovereign immunity in the ADA. *See* 42 U.S.C. § 12202 ("A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent

14

jurisdiction for a violation of this chapter"). But Congress can abrogate sovereign immunity only "when it does so pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment to enforce the substantive guarantees of that Amendment." *Tennessee v. Lane*, 541 U.S. 509, 518 (2004). This "broad power . . . includes the authority both to remedy and to deter violations of rights guaranteed by the Fourteenth Amendment by prohibiting a somewhat broader swath of conduct, including that which is not itself forbidden by the Amendment's text." *Id.* (internal brackets and quotation marks omitted). Accordingly, "Congress may enact so-called prophylactic legislation that proscribes facially constitutional conduct, in order to prevent and deter unconstitutional conduct." *Id.* (internal quotation marks omitted). For example, the Supreme Court has held that Congress validly abrogated immunity as to Title II of the ADA with respect to cases "implicating the fundamental right of access to the courts." *Id.* at 533–34; *cf. United States v. Georgia*, 546 U.S. 151, 159 (2006) (Congress validly abrogated immunity for Title II claims for damages against States for conduct that violates the Fourteenth Amendment).

But there are limits. In particular, the § 5 legislation must "exhibit[] a congruence and proportionality between the injury to be prevented or remedied and the means adopted to that end." *Lane*, 541 U.S. at 520 (internal quotation marks omitted). For failure to satisfy that test, we have held that Title II (which, roughly speaking, prohibits discrimination against the disabled with respect to public services, programs, or activities, *see* 42 U.S.C. § 12132) did not validly abrogate sovereign immunity for a claim regarding professional licensing, where the state action did not violate the substantive

15

guarantees of the Fourteenth Amendment. *See Guttman v. Khalsa,* 669 F.3d 1101, 1123–25 (10th Cir. 2012). As the magistrate judge noted below, this court has yet to consider whether Congress validly abrogated immunity as to Title III claims. Neither has the Supreme Court. The magistrate judge recommended following our reasoning in *Guttman* and holding that Plaintiff's Title III claim did not come within Congress's § 5 authority. The district court agreed and dismissed the Title III claim on sovereign-immunity grounds.

We doubt that the district court erred in ruling that Title III did not abrogate sovereign immunity in this context. But we need not reach this question because Plaintiff's brief on appeal does not present any arguments against that specific holding. *See Reedy*, 660 F.3d at 1275.

Finally, the third exception to sovereign immunity does not apply because Plaintiff is challenging only the dismissal of her claims against the State Board, not claims for prospective relief against a state official acting in his or her official capacity. *See Levy*, 789 F.3d at 1168–69.

Thus, we hold that Plaintiff has failed to show any error in the district court's dismissal of the fourth amended complaint based on Eleventh Amendment immunity.

## III.  CONCLUSION

We **AFFIRM** the judgment of the district court and **GRANT** counsel's motion to withdraw.

16