**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

SHARON D. BELL,

      Plaintiff - Appellant,

v.

SOCIAL SECURITY
ADMINISTRATION, COURT OF
APPEALS (ALJ),

      Defendant - Appellee.

No. 17-6005
(D.C. No. 5:16-CV-01480-F)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

The Commissioner of the Social Security Administration denied Sharon D.

Bell's application for social security benefits. We know little about the history of

this case because the record on appeal is sparse. But it appears Ms. Bell tried to

challenge the Commissioner's denial of benefits by filing a blank, unsigned

complaint in federal district court. On December 30, 2016, the district court

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismissed the case without prejudice under Fed. R. Civ. P. 41(b), citing Ms. Bell's

failure to comply with Fed. R. Civ. P. 8(a).[1]  We affirm.

Ms. Bell appears pro se, so we liberally construe her filings.  *See Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir.

2010).  We cannot, however, serve as her attorney by "constructing arguments and

searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840

(10th Cir. 2005).

Even under this standard, Ms. Bell's opening brief falls short.  "The first task

of an appellant is to explain to us why the district court's decision was wrong."

*Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015).  When "[t]he

argument section of [the] opening brief does not challenge the [district] court's

reasoning on [a] point[, w]e . . . do not address the matter."  *Reedy v. Werholtz*,

660 F.3d 1270, 1275 (10th Cir. 2011).

Ms. Bell does not present a single legal argument.  Instead, she states generally

that she cannot work because she has been "very [i]ll," Aplt. Opening Br. at 2, and

asks us to contact her social security doctor to obtain her medical records.  As we

have repeatedly emphasized, "cursory statements, without supporting analysis and

---

[1] Shortly after the dismissal, Ms. Bell tried to resurrect her case by filing a one-paragraph amended complaint, which the district court construed as a motion seeking leave to file an amended complaint.  By then, the district court had entered final judgment and Ms. Bell had filed her notice of appeal; therefore, the district court denied the motion for lack of jurisdiction in an order issued on January 13, 2017.  That order is not under review here because the notice of appeal does not encompass it.  *See* R. at 8 (providing notice that Ms. Bell "appeal[s] . . . from the final judgment entered in this action on 12-30-2016").

case law, fail to constitute the kind of briefing that is necessary to avoid application of the forfeiture doctrine." *Bronson v. Swensen*, 500 F.3d 1099, 1105 (10th Cir. 2007). In any event, Ms. Bell explicitly concedes the district court did not apply the wrong law or incorrectly decide the facts. *See* Aplt. Opening Br. at 4. Accordingly, we affirm the dismissal of her complaint.

Finally, we deny Ms. Bell's "Motion to Allow Medical Documentation," which we construe as a motion to supplement the record on appeal, because the materials referenced in that motion were never before the district court. *See Cornhusker Cas. Co. v. Skaj*, 786 F.3d 842, 862-63 (10th Cir. 2015) ("We undoubtedly have discretion to deny a motion to supplement the record on appeal when the materials sought to be added to the record were never before the district court."). We also deny Ms. Bell's motion to proceed in forma pauperis because she has not shown "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). We advise her that she is responsible for the immediate payment of the unpaid balance of the appellate filing fee.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge