**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 31, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MAKEEN INVESTMENT GROUP, LLC,
as trustee for the Makeen Family
Children's Trust,

     Plaintiff - Appellant,

and

AKEEM MAKEEN,

     Plaintiff,

v.

STATE OF COLORADO; JUDGE
MICHAEL JAMES VALLEJOS; JUDGE
JENNIFER TORRINGTON; MAX A.
MINNIG JR., & ASSOCIATES, LLC;
MAX A. MINNIG, JR., individually and in
his official capacity as agent for George E.
Hailey,

     Defendants - Appellees.

No. 19-1271
(D.C. No. 1:17-CV-02759-RM-STV)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **MORITZ**, Circuit Judges.
_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Makeen Investment Group, LLC, as Trustee of the Makeen Family Children's Trust ("MIG"), appeals from the district court's order adopting the magistrate judge's recommendation to dismiss its third amended complaint and denying its motion for leave to file a fourth amended complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I. Background

MIG and Akeem Makeen filed an action in federal court asserting ten claims for relief related to an action in state court. They sued the State of Colorado, Judge Michael James Vallejos and Judge Jennifer Torrington (the "State Defendants"), and Max Minnig, Jr. and Max Minnig, Jr. & Associates, LLC (the "Minnig Defendants"). MIG and Mr. Makeen amended their complaint once as of right and then subsequently moved for leave and were granted leave to amend their complaint on two more occasions.

The State Defendants filed a motion to dismiss the third amended complaint pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. The Minnig Defendants also filed a motion to dismiss pursuant to Rule 12(b)(6). The magistrate judge recommended granting the motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. The magistrate judge explained that "[t]he *Rooker-Feldman*[1] doctrine establishes, as a matter of subject-matter

---

[1] *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

jurisdiction, that only the United States Supreme Court has appellate authority to review a state-court decision." Aplt. App. at 78 (internal quotation marks omitted). And, therefore, "[t]he *Rooker-Feldman* doctrine precludes a losing party in state court who complains of injury caused by a state-court judgment from bringing a case seeking review and rejection of that judgment in federal court." *Id*. at 79 (internal quotation marks omitted). The magistrate judge found that "all of Plaintiffs' claims are rooted in purported injuries caused by the state court judgments, and . . . resolution of the claims would impermissibly require the Court to review and reject those judgments." *Id*. at 86. Because the magistrate judge concluded that the court lacked subject matter jurisdiction over all of plaintiffs' claims pursuant to the *Rooker-Feldman* doctrine, he recommended that the State Defendants' motion to dismiss be granted and that the third amended complaint be dismissed without prejudice. He also recommended denying as moot the Minnig Defendants' motion to dismiss.

The magistrate judge's recommendation further stated:

Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. . . . Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the Magistrate Judge.

*Id*. at 89 n.7.

3

That same day, Mr. Makeen voluntarily dismissed himself from the case.[2]  A week later, MIG filed a motion for leave to file a fourth amended complaint.  MIG did not file any objections to the magistrate judge's recommendation.

Because MIG failed to object to the magistrate judge's recommendation, the district court reviewed the recommendation for clear error.  The district court adopted the magistrate judge's recommendation after concluding that the "analysis as to MIG was thorough and sound," and there was "no clear error on the face of the record." *Id*. at 102.  The court then considered and denied the motion for leave to amend, finding that MIG had acted with undue delay in requesting to amend after the State Defendants' motion to dismiss had been pending for seven months and noting that MIG had repeated opportunities to cure any pleading deficiencies with its prior amendments.

The court granted the State Defendants' motion to dismiss, dismissed the complaint and the entire action, and denied the motion for leave to amend.  MIG then filed a motion for reconsideration, which the district court denied.  This appeal followed.

II.  Discussion

MIG argues that the district court abused its discretion when it denied MIG's motion for leave to amend and failed to allow MIG a period of fourteen days after denying the motion for leave to amend to respond to the magistrate judge's

---

[2] Mr. Makeen is not a party to this appeal.

4

recommendation.  MIG further argues that the court erred when it held that the *Rooker-Feldman* doctrine required dismissal of the third amended complaint.

A.

We first address the defendants-appellees' assertion that MIG waived review of the district court's dismissal of the third amended complaint by failing to object to the magistrate judge's recommendation.  We have "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate judge." *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (internal quotation marks and brackets omitted).  "The failure to timely object to a magistrate[] [judge's] recommendations waives appellate review of both factual and legal questions." *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (internal quotation marks omitted).

Here, it is undisputed that MIG did not object to the magistrate judge's recommendation.  *See* Aplt. Opening Br. at 13 ("Instead of filing an objection, [MIG] filed a motion for leave to file a fourth amended complaint . . . .").  MIG first argues that the district court should have granted it an additional fourteen days after the denial of its motion to amend to object to the magistrate judge's recommendation.  But MIG provides no authority for this proposition and we are aware of none. Moreover, MIG never requested in its motion for leave to amend that it be given additional time to object to the magistrate judge's recommendation if the court denied the motion.  And MIG fails to adequately explain why it could not have timely filed objections to the recommendation and also filed a motion for leave to amend.

5

We see no abuse of discretion given these circumstances; the district court was not required to sua sponte grant MIG additional time to object to the magistrate judge's recommendation after the court denied the motion for leave to amend.[3]

"There are two exceptions when the firm waiver rule does not apply: when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the interests of justice require review." *Duffield*, 545 F.3d at 1237 (internal quotation marks omitted). Neither exception applies here.

MIG was represented by counsel in district court. In addition, the magistrate judge's recommendation expressly notified MIG that it must file any objections within fourteen days of the recommendation and that the failure to do so would "result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the Magistrate Judge." Aplt. App. at 89 n.7. The first exception therefore does not apply.

In considering the second exception—where the interests of justice require review—we have explained that the analysis is similar to reviewing for plain error. *See Duffield*, 545 F.3d at 1238. "To show plain error, [MIG] would have to show (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously

_____

[3] We also note that in MIG's motion for reconsideration, counsel for MIG apologized "for not filing an objection to the Magistrate's Recommendation," and admitted that she "was under the *mistaken* belief that the filing of an amended complaint that addressed the issue in the recommendation would suffice." Aplt. App. at 110 (emphasis added).

6

affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. (internal quotation marks omitted).

Here, MIG has failed to show plain error. MIG appears to argue that the district court erred in dismissing its complaint based on the *Rooker-Feldman* doctrine because there was no order or judgment entered against it in state court. *See* Aplt. Opening Br. at 16. MIG asserts that the state court entered an order "solely against Mr. Makeen" on November 8, 2016, and then amended the order on May 16, 2017, so "[a]ll orders were issued against Mr. Makeen, who dismissed himself from the [federal] case." *Id*. But MIG fails to address the magistrate judge's citation to the state court's order granting a motion for directed verdict against MIG and dismissing MIG's remaining claims, *see* Aplt. App. at 86.[4] MIG has failed to meet its burden of showing that the district court committed plain error in dismissing the third amended complaint based on *Rooker-Feldman*. Accordingly, there is no basis to apply the interests-of-justice exception to the firm-waiver rule.

---

[4] For the first time in its reply brief, MIG argues: "Yes, the State Court ruled against MIG as to the Makeen Investment Group, LLC but not against MIG as Trustee on behalf of the Makeen Family Children's Trust" and "[i]t is clear that MIG as Trustee for Makeen Family Children's Trust was not a plaintiff or defendant in the State Court." Reply Br. at 4. "The general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief." *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011) (internal quotation marks and brackets omitted). We see no basis to depart from our general rule here; MIG waived this argument by raising it for the first time in its reply brief.

Because MIG failed to object to the magistrate judge's recommendation and neither exception to the firm-waiver rule applies, MIG waived appellate review of the district court's dismissal of the third amended complaint.

B.

We next turn to MIG's argument that the district court abused its discretion in denying MIG's motion for leave to file a fourth amended complaint. We review the district court's denial of a motion for leave to amend a complaint for abuse of discretion. *Hertz v. Luzenac Grp.,* 576 F.3d 1103, 1117 (10th Cir. 2009). "An abuse of discretion occurs when the district court's decision is arbitrary, capricious, or whimsical, or results in a manifestly unreasonable judgment." *United States v. Weidner*, 437 F.3d 1023, 1042 (10th Cir. 2006) (internal quotation marks omitted).

Rule 15 of the Federal Rules of Civil Procedure allows one amendment of a complaint before a responsive pleading is served or within twenty-one days after the complaint is served. Fed. R. Civ. P. 15(a). Subsequent amendments require leave of court or written consent of an adverse party. *Id*. The rule states that "[t]he court should freely give leave when justice so requires." *Id*. But leave to amend may be denied on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005) (internal quotation marks omitted). In our circuit, "untimeliness alone is an adequate reason to refuse leave to amend." *Id*.

8

MIG first amended its complaint as of right within twenty-one days after service of its initial complaint. It then sought and was granted leave to amend its complaint twice more. The State Defendants conferred with MIG before filing their motion to dismiss MIG's third amended complaint, but MIG did not seek leave to amend its complaint at that time. It was not until after the magistrate judge recommended that the third amended complaint be dismissed that MIG filed a motion for leave to amend its complaint a fourth time.

In denying the motion, the district court noted that "MIG's Motion to Amend is conclusory and devoid of any legal or factual analysis; for this reason alone, the Motion to Amend is subject to denial." Aplt. App. at 103. The court further observed that the motion to dismiss had been pending for seven months before MIG sought leave to amend and that "[s]uch undue delay is inexplicable," especially given the fact "MIG was afforded the opportunity to amend *before* State Defendants filed their Motion to Dismiss." *Id.* The court therefore concluded that "MIG's request comes inordinately, and inexcusably, too late." *Id.* The court further rejected MIG's assertion that all of the other amendments were "caused by Mr. Makeen" and explained that "MIG has been afforded repeated opportunities to cure any pleading deficiencies." *Id.* at 103-04.

On appeal, MIG relies on authority from outside this circuit holding that a delay in seeking leave to amend may not be the basis for denying the motion unless the other party is prejudiced. *See* Aplt. Opening Br. at 7-11. But in this circuit, "[w]hile prejudice may be one ground justifying a denial of leave to amend, such a

9

showing is not necessary.  Indeed, untimeliness alone may be a sufficient basis for denial of leave to amend.  Prejudice to the opposing party need not also be shown." *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991) (brackets, ellipsis, and internal quotation marks omitted).  We "focus[] primarily on the reasons for the delay," and "[w]e have held that denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (internal quotation marks omitted).  MIG failed to offer an adequate explanation for its delay in seeking leave to amend its complaint for the fourth time.  Accordingly, we see no abuse of discretion in the district court's decision to deny the motion for leave to amend.

III.  Conclusion

We affirm the district court's judgment.  All pending motions are denied.

Entered for the Court


Nancy L. Moritz
Circuit Judge

10