**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 16, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JONATHAN THOMAS,

     Plaintiff - Appellant,

v.

BETSY HORMEL, individually, Facility
Health Services Administrator; RICK
WHITTEN, individually, Warden;
JEFFERY TROUT, individually, Doctor;
JOE ALLBAUGH, individually, DOC
Director; WILLIENELL BRYANT-PITTS,
individually, Doctor; C. PAYNE,
individually, C.O. 3 (Captain); FNU
BOYNSTON, individually, Sergeant, C.O.;
DAN GROGAN, individually, Unit
Manager #5; W. CLAY, individually, C.O.;
DIRECTOR DOC SCOTT CROW,

     Defendants - Appellees.

No. 20-6047
(D.C. No. 5:18-CV-01256-J)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **KELLY**, and **EID**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In this civil rights case, inmate Jonathan Thomas appeals pro se from a district court order granting summary judgment in favor of all defendants and denying Thomas's motion for appointment of counsel. The district court held Thomas failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

At the times relevant to this case, Thomas was an inmate in the custody of the Oklahoma Department of Corrections (ODOC), housed at the James Crabtree Correctional Center. Thomas has health conditions that require regular medication and care by outside medical providers. He asserted claims under 42 U.S.C. § 1983 against several state defendants, claiming they violated his constitutional rights by causing him to miss his medications, failing to provide appropriate medical treatment, and withholding "indigent supplies."

In support of his missed-medications claim, Thomas alleged that on five occasions in 2018 he did not receive his prescribed medications. Of those five dates, Thomas alleged specific details concerning only two. He alleges that on August 17, 2018, he was eating lunch when a prison guard told him he was taking too long to eat. He apparently responded adversely, which caused the guard to place him in segregation to "cool off." As a result, Thomas missed the "pill line" to obtain his medication for that day.

Thomas filed a "Request to Staff" under Oklahoma's inmate grievance procedure, and requested what amounts to injunctive relief: "Make sure that it never happens again." R. at 46. His requested relief effectively was granted by a staff member who

2

wrote in the "Disposition" section of Thomas's request: "You are correct. It won't happen again." *Id.*[1] Thomas alleges, however, that on November 26, 2018, he again missed his medications as a result of a visit to an outside hospital for his regular care. He did not file a grievance, nor did he file a grievance for any of the other three dates (March 26, April 20 and July 16) on which he alleges he missed his medication.

In support of his claim that Defendants failed to provide proper medical care, Thomas alleges that sometime during 2018, he developed a rash or infection on his legs and that the prison staff failed to treat his condition. He filed a Request to Staff seeking outside medical care. The request was denied on the ground that Thomas had not been complying with the medical treatment prescribed by the staff. Thomas then filed a formal grievance pursuant to the inmate grievance procedure, which was denied on the same grounds. Thomas appealed, but his appeal was rejected because it failed to comply with the required procedures. Thomas was allowed 10 days to submit a corrected appeal, but he never did so.

Somewhat relatedly, Thomas submitted a Request to Staff on March 5, 2019, in which he stated he observed prison staff adding salt to the unit water system. He included no request for relief, and his Request to Staff was returned unanswered. Thomas then filed a formal grievance in which he clarified that he believed the salt was damaging the skin on his legs, causing "blackouts," and affecting his blood pressure.

---

[1] On March 21, 2019, Thomas filed another grievance concerning the very same incident, but added details concerning the unsanitary conditions of his segregation. The grievance was denied as untimely, among other reasons.

3

He also specifically requested compensation for the damage to his legs. The warden rejected the grievance based on procedural errors, and gave Thomas 10 days to correct the errors and resubmit. Thomas never did.

Thomas also alleges that during transport to outside medical care providers, he was not allowed bathroom breaks and urinated himself. He never submitted any grievance or other correspondence to prison authorities concerning this allegation.

Finally, Thomas submitted a Request to Staff in June 2018 asserting he qualified as indigent based on his prison account balance, and that he was therefore entitled to certain "indigent supplies." In response, the prison staff informed Thomas that he was not indigent based on his account balance and the applicable regulations. He did not file a grievance or otherwise appeal the staff's determination that he was not indigent.

## DISCUSSION
## I. Standards of Review

We review summary judgment decisions de novo, "view[ing] the evidence and draw[ing] reasonable inferences therefrom in the light most favorable to the nonmoving party." *Talley v. Time, Inc.*, 923 F.3d 878, 893 (10th Cir. 2019) (internal quotation marks omitted). Summary judgment is required when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We review de novo the district court's finding of failure to exhaust administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Because Thomas appears pro se, we construe his filings liberally, but

4

we do not serve as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## II. Civil Rights Claims

Defendants argue the district court correctly granted summary judgment in their favor on the ground that Thomas had not exhausted his administrative remedies.[2] We agree as to all but one of Thomas's claims. As to that one claim, we conclude Thomas exhausted his administrative remedies, but affirm on the alternative ground that Defendants are entitled to summary judgment on the merits.

Under the Prison Litigation Reform Act, a prisoner cannot bring an action "with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Proper exhaustion requires compliance with all prison grievance procedures, including "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the] PLRA for failure to exhaust his administrative remedies." *Jernigan*, 304 F.3d at 1032. !

ODOC has a multi-step grievance process by which inmates may exhaust their administrative remedies. The first step requires an inmate to discuss an issue informally with staff. If that discussion proves unfruitful, the inmate may then submit a "Request to

---

[2] Thomas also asserted a claim that Defendants violated his right to access courts. The district court dismissed that claim under Fed. R. Civ. P. 12(b)(6). Thomas does not challenge that dismissal on appeal.

Staff" detailing the issue and identifying a proposed remedy. If the Request to Staff is denied, the inmate may submit a formal grievance to the facility's reviewing authority. Finally, the inmate may appeal the denial of a formal grievance to the Administrative Review Authority or, for medical issues, the Medical Administrative Review Authority. When a grievance or appeal is not submitted properly, an inmate has the opportunity to correct and resubmit it within 10 days.

Here, the district court correctly concluded on summary judgment that Thomas had not exhausted his administrative remedies with respect to his complaint about inadequate medical care of his rash, his related allegations about salt in the unit water system, the alleged lack of bathroom breaks during transport to outside medical providers, and his claimed entitlement to "indigent supplies" based on his account balance. In each of those instances, he failed to submit a corrected grievance, failed to file a grievance after his Request to Staff was denied, or failed to engage in the grievance procedures at all.

Whether Thomas exhausted his administrative remedies concerning missed medications presents a slightly different issue. He alleges he did not receive his prescribed medications on five separate dates in 2018, but for four of those dates—March 26, April 20, July 16, and November 26—there is no indication in the record that he ever engaged in Oklahoma's inmate grievance procedures. The district court correctly determined Thomas had not exhausted his administrative remedies as to those four alleged incidents.

6

Failure to exhaust some but not all claims, however, does not require dismissal of the entire complaint. *Jones v. Bock*, 549 U.S. 199, 222–23 (2007). And there appears to be one missed-medication incident that Thomas arguably did exhaust. Thomas alleges he missed his medications on August 17, 2018, when he was placed in segregation to "cool off." He filed a Request to Staff and sought assurances that it would not happen again. Prison staff effectively granted his request, so there was nothing for Thomas to appeal.[3] In his § 1983 deliberate indifference claim, Thomas seeks damages, not the injunctive relief he sought in his Request to Staff. But under the PLRA, a prisoner must "exhaust" processes, not forms of relief. *Booth v. Churner*, 532 U.S. 731, 739 (2001). And nothing in Oklahoma's multi-step grievance process requires that an inmate specify whether he is seeking damages. *See Kikumura v. Osagie*, 461 F.3d 1269, 1282 (10th Cir. 2006) ("[T]he rules [for exhaustion] come from the prison grievance systems themselves." (internal quotation marks omitted)), *abrogated in part on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). It therefore appears that Thomas did exhaust his administrative remedies with respect to this claim.

---

[3] It is unclear from the record what assurances the prison staff actually gave. A prison staff member wrote on Thomas's request, "It won't happen again"—but it is unclear what the pronoun "it" referred to. Perhaps it meant staff would ensure Thomas would never under any circumstances miss his medications again, though that meaning seems unlikely in the context of a prison and given the frequent need to transport Thomas to outside medical care providers. More likely it meant staff would not overlook Thomas's medication needs in the future whenever it was deemed necessary to place him in segregation. In any event, we need not resolve this ambiguity in light of our disposition of this appeal.

We may, however, "affirm on any ground supported by the record, so long as the appellant has had a fair opportunity to address that ground." *Reedy v. Werholtz*, 660 F.3d 1270, 1276 (10th Cir. 2011) (internal quotation marks omitted). In this case, Defendants moved to dismiss Thomas's deliberate indifference claim on the merits, arguing that he failed to state a claim. Thomas had an opportunity to respond, R. at 106, and we therefore find it appropriate to address the merits of Thomas's only exhausted claim.

Prisoners have a constitutional right to adequate medical care, and recovery under § 1983 is available for deliberate indifference to their serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). To establish such a claim, a plaintiff must first allege that the deprivation is "sufficiently serious" as an objective matter to constitute a deprivation of constitutional dimension—that is, "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Strain v. Regalado*, 977 F.3d 984, 989–90 (10th Cir. 2020) (internal quotation marks omitted). Then, the plaintiff must allege the defendant was subjectively aware of that need and that failing to treat it would pose an excessive risk to the inmate's health or safety. *Clark v. Colbert*, 895 F.3d 1258, 1267 (10th Cir. 2018).

Thomas alleges having missed medications on five occasions over approximately eight months. But because he has exhausted his administrative remedies with respect to only one of those occasions, his claim must rely solely on the allegation that he missed his medications on a single day. He does not allege any injury resulting from that incident, and the record contains an unrebutted affidavit from ODOC's Chief Medical

8

Officer averring that sporadic and occasional lapses in Thomas's medication are not harmful to his various medical conditions.  At best, Thomas's allegation establishes inadvertence on the part of the prison staff, causing him no injury.  Such facts do not establish a constitutional deprivation as an objective matter.  *See Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992) (occasional missed doses of medication, without more, "fall[s] far short of establishing deliberate indifference" by prison staff).  "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Accordingly, we affirm the dismissal of Thomas's deliberate indifference claim on the alternative ground that he failed to state a claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.

### III.  Rehabilitation Act Claim

Thomas asserts a claim under the Rehabilitation Act, 29 U.S.C. § 794(a).  But he asserts that claim for the first time on appeal.  Arguments or claims raised for the first time on appeal will not be considered.  *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002).

### CONCLUSION

We affirm the district court's judgment, and we affirm the district court's denial of the appointment of counsel.  We grant Thomas's motion for leave to

9

proceed without prepayment of costs or fees and remind him that he is obligated to continue making partial payments until the entire fee has been paid.

Entered for the Court


Allison H. Eid
Circuit Judge