FILED
United States Court of Appeals
Tenth Circuit

**May 27, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ALLEN RUSHING,

    Plaintiff - Appellant,

v.

JENNIFER GRANHOLM, Secretary of the
United States Department of Energy,

    Defendant - Appellee.

No. 21-2103
(D.C. No. 1:20-CV-00658-NF-KHR)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **ROSSMAN**, Circuit Judges.
_____

At the time of this lawsuit, Allen Rushing was working as a Senior Courier for

the National Nuclear Security Administration, an agency within the United States

Department of Energy (DOE).  After he was not selected to advance in the hiring

process for a Lead Courier position, he sued the DOE in federal district court in New

Mexico.  He alleged the DOE discriminated against him based on disability, national

origin, and sexual orientation, and retaliated against him for filing an equal

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

employment opportunity (EEO) complaint.  The district court granted the DOE's

motion for summary judgment, and Mr. Rushing now appeals.  Exercising

jurisdiction pursuant to 28 U.S.C. §1291, we affirm.

I.  Background

Mr. Rushing applied to be a Lead Courier.  The human resources department

identified a group of seven applicants, including Mr. Rushing, who were at least

minimally qualified for the Lead Courier position.  A leadership review panel then

met and evaluated each candidate using five assessment questions designed to reflect

each applicant's performance during the past year.  Three candidates received a score

of 136 or higher out of a possible score of 140.  Mr. Rushing received a score of 114,

and three other candidates scored lower than him.  The candidates who received the

top three scores advanced in the hiring process and were given interviews.

Mr. Rushing and the other candidates with lower scores were not given further

consideration.

After he was not chosen to advance in the hiring process, Mr. Rushing filed an

EEO complaint with the agency.[1]  He subsequently filed the underlying lawsuit.  The

---

[1] We note in his brief, Mr. Rushing at times refers to filing an "EEO Charge of Discrimination," *see, e.g.*, Aplt. Opening Br. at 7-8, but at other times refers to filing an "EEOC complaint," *id.* at 10, or "EEOC discrimination charge," *id.* at 12.  The references to the "EEOC" might suggest that he filed a complaint with the Equal Employment Opportunity Commission, not the agency's EEO office.  But all the record evidence shows that Mr. Rushing filed an internal EEO complaint with the agency.  We also note that neither party addresses exhaustion of administrative remedies in their appellate briefing.  Because exhaustion is not jurisdictional, *see Lincoln v. BNSF Ry., Co.,* 900 F.3d 1166, 1185 (10th Cir. 2018), and it is not necessary to resolve this appeal, we need not consider it, *see United States v.*

government moved for summary judgment on all claims, and Mr. Rushing filed a response in opposition.

The district court first considered Mr. Rushing's disability claim.[2]  The court concluded Mr. Rushing established a prima facie case of disability discrimination, but he had failed to show that the government's legitimate, nondiscriminatory reason for not interviewing him—because he was not one of the top three candidates based on the panel score assessments—was pretext for discrimination.

The court next observed that Mr. Rushing's response did not address his claims for discrimination based on national origin and sexual orientation.[3]

Finally, the district court determined that Mr. Rushing failed to establish a prima facie case of retaliation.  The court explained that "'[a] plaintiff establishes a prima facie case of retaliation by showing: (1) he or she engaged in protected opposition to discrimination; (2) he or she was subject to an adverse employment

_____

*Burkholder*, 816 F.3d 607, 620 n.11 (10th Cir. 2016) ("In our adversary, common-law system, courts properly answer only the questions that the parties present to them and that are necessary for the resolution of the case at hand.").

[2] The district court analyzed the claim using the burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-06 (1973).  Under that framework, "[i]f the plaintiff advances a prima facie case of discrimination, the burden shifts to the employer to articulate a 'legitimate, nondiscriminatory reason' for not hiring the plaintiff."  *Lincoln*, 900 F.3d at 1193 (quoting *McDonnell Douglas*, 411 U.S. at 802).  "If the employer articulates a satisfactory reason, the burden shifts back to the plaintiff to demonstrate that the employer's stated reason is pretext for discrimination."  *Id.*

[3] Mr. Rushing states in his opening brief that he "drop[ped]" these claims. Aplt. Opening Br. at 6 n.1.

action; and (3) a causal connection exists between the protected activity and the adverse action.'" Aplt. App., vol. II at 231-32 (quoting *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1234 (10th Cir. 2000)). Although the court found that Mr. Rushing engaged in protected opposition to discrimination when he filed his EEO complaint, the court concluded he had not shown he was subject to an adverse employment action. In reaching that conclusion, the district court observed Mr. Rushing did not explain how the five occurrences he identified in his response to summary judgment could meet the definition of an adverse employment action, which requires that the act "carry a 'significant risk of humiliation, damage to reputation, and a concomitant harm to future employment prospects.'" *Id.* at 233 (quoting *Annett v. Univ. of Kan.*, 371 F.3d 1233, 1239 (10th Cir. 2004)).

The court granted the motion on all claims and entered judgment in favor of the DOE. This timely appeal followed.

II. Discussion

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review de novo the district court's decision granting summary judgment. *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1137 (10th Cir. 2016).

We have recognized "[t]he first task of an appellant is to explain to us why the district court's decision was wrong." *Nixon v. City and Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). Mr. Rushing's brief purports to raise two issues of error

4

with the district court's decision, but he has "utterly fail[ed] . . . to explain what was wrong with the reasoning the district court relied on in reaching its decision." *Id.*

For his first issue, Mr. Rushing argues the district court erred in determining that he had not produced sufficient evidence of causation to survive summary judgment on his retaliation claim. He contends the district court "held that [he] provided sufficient evidence to establish the first two prongs of a prima facie case of retaliation" because his "action of filing an EEOC complaint is a protected activity and [his] termination was an adverse employment action." Aplt. Opening Br. at 10. He further argues the district court "reasoned that the causation prong was unnecessary" because Mr. Rushing failed to offer evidence that the "proffered reason for [his] termination was pretextual." *Id.* He maintains on appeal that he "presented sufficient evidence of causation between [his] EEOC discrimination charge and [his] termination." *Id.* at 12.

In response, the government contends that "Rushing appears to be discussing some other case—because that is not what happened here." Aplee. Br. at 16. We agree. As the government correctly explains: "The district court found that Rushing's filing of the EEO complaint was protected activity, but it granted summary judgment on the *second* element because it found that Rushing failed to present sufficient evidence of an adverse employment action." *Id.* As for Mr. Rushing's references to his "termination," the government further explains that Mr. Rushing never alleged in district court that he had been terminated. To the contrary, he alleged in his complaint that he "*works* for Defendant as a Senior Courier," Aplt.

5

App., vol. I at 6 (emphasis added), and he repeats that allegation in his opening brief, *see* Aplt. Opening Br. at 7.

The government asserts that Mr. Rushing's opening brief "does not acknowledge, much less challenge, the district court's ruling that he failed to offer sufficient evidence of an adverse employment action.  Instead, he attacks rulings on the causation element and on the issue of pretext that the district court never made." Aplee. Br. at 16.  The government therefore argues that Mr. Rushing has waived any challenge to the district court's grant of summary judgment on his retaliation claim. *See id.*  We are persuaded by the government's argument that Mr. Rushing has waived any challenge to the district court's ruling on his retaliation claim by not addressing the basis for that ruling in his opening brief.[4]  *See Nixon*, 784 F.3d at 1369 (affirming dismissal of claim because opening brief "contain[ed] nary a word to challenge the basis of the dismissal"); *see also Reedy v. Werholtz*, 660 F.3d 1270, 1275 (10th Cir. 2011) (declining to address propriety of district court's ruling because appellant failed to "challenge the court's reasoning on th[at] point").

---

[4] Mr. Rushing does attempt to address this issue in his reply brief, arguing for the first time that he did present sufficient evidence of an adverse employment action. But "[t]he general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief." *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011) (internal quotation marks omitted).  And "[w]e see no reason to depart from that rule here." *Id.*; *see also, e.g.*, *In re Motor Fuel Temperature Sales Pracs. Litig.*, 872 F.3d 1094, 1112 & n.5 (10th Cir. 2017) (applying this waiver rule where appellant failed to address district court's reasoning in its opening brief and instead addressed it for the first time in its reply brief).

Mr. Rushing's second issue fares no better. He argues the district court granted summary judgment despite material issues of fact in dispute related to the "Leadership Review done by the Agency." Aplt. Opening Br. at 13. But Mr. Rushing does not explain what claim this argument relates to or what aspect of the district court's decision he is challenging. *See id.* at 13-14. He offers only a repeated citation to one page from his response to summary judgment. *See id.* (citing Aplt. App., vol. II at 158). On that page, Mr. Rushing argued that the evidence he presented about the Leadership Review was "sufficient evidence of pretext to survive the summary judgment stage" on his disability claim. Aplt. App., vol. II at 158. But the district court rejected this argument, explaining that Mr. Rushing failed to show pretext because he "[did] not correlate the fact of his disability to any of the actions taken by the review panel." *Id.* at 229.

On appeal, Mr. Rushing fails to address the district court's reasoning. He does not appropriately frame and develop any challenge to the grant of summary judgment on his disability claim, or mention that he is challenging the district court's determination that he failed to show the government's legitimate, nondiscriminatory reason for not advancing him in the hiring process was pretextual. We therefore agree with the government that Mr. Rushing has waived this argument by failing to adequately brief it, so we cannot address it on appeal. *See, e.g.*, *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived."); *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir.

1994) (explaining that "perfunctory complaints" that "fail to frame and develop an issue" are insufficient "to invoke appellate review").

    III.  <u>Conclusion</u>

For the foregoing reasons, we affirm the district court's judgment.

                    Entered for the Court

                    Veronica S. Rossman
                    Circuit Judge