**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 24, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARTY WAYNE RHODES,

    Plaintiff - Appellant,

v.

WYOMING DEPARTMENT OF
CORRECTIONS; JENNIFER BOHN,
individually and as Wyoming Department
of Corrections Honor Conservation Camp
Assistant Warden; SETH NORRIS,
individually and as Wyoming Department
of Corrections Medium Correctional
Institution Warden; DANIEL SHANNON,
individually; STEPHEN SCARBROUGH,
individually and as Wyoming Department
of Corrections State Penitentiary
Correctional Officer; CARL
VOIGTSBERGER, individually and as
Wyoming Department of Corrections
Housing Director,

    Defendants - Appellees.

No. 24-8086
(D.C. No. 1:23-CV-00224-SWS)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **KELLY**, and **FEDERICO**, Circuit Judges.
_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Appellant Marty Wayne Rhodes, a pro se prisoner, appeals the district court's dismissal of his 42 U.S.C. § 1983 action against the Wyoming Department of Corrections (WDOC) and some of its prison officers and staff. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    Background

In November 2022, Rhodes filed a § 1983 action against various WDOC prison officers and staff following a strip search and urine test in the restroom at the Wyoming State Penitentiary. Rhodes claimed that when he went to dress, his clothes were missing, and Officer Stephen Scarbrough was looking at his penis with a smile. He contended this lasted for fifteen minutes before another officer returned to the restroom. Upon that officer's return, Rhodes demanded they return his clothes. He reported the incident as a violation of the Prison Rape Elimination Act (PREA). The prison investigated the incident and determined it was unsubstantiated. Rhodes then filed a § 1983 action against Scarbrough and other prison officials seeking recourse for the alleged PREA violation and other matters. The district court dismissed the case. Rhodes appealed and this court affirmed the district court. *See Rhodes v. Shannon*, No. 23-8026, 2024 WL 79964, at *4 (10th Cir. Jan. 8, 2024) (unpublished).

In November 2023, while No. 23-8026 was pending, Rhodes filed the lawsuit underlying this appeal against the WDOC and various WDOC prison officers and staff, including Scarbrough. In his Amended Complaint, Rhodes alleged he faced retaliation for the prior § 1983 action and suffered cruel and unusual punishment in violation of the Eighth Amendment. After the 28 U.S.C. § 1915A screening, the

district court dismissed the following claims for failure to state a claim under

§ 1915A(b)(1).  First, the district court determined Rhodes failed to state an Eighth

Amendment claim against Scarbrough because he did not show Scarbrough's conduct

was objectively harmful enough to establish a constitutional violation.  Then it

determined Rhodes failed to plausibly state retaliation claims against Rochelle Stitt

and A. Burkhalter for violating his First, Eighth, and Fourteenth Amendment rights

by denying him phone access to call his daughter.  The district court dismissed the

claims against Stitt and Burkhalter for two reasons:  (1) the facts in the Amended

Complaint and inmate communication forms showed Rhodes failed to follow the

appropriate procedure to add his daughter's number to his approved calling list; and

(2) he did not allege facts to show either person's retaliatory motive.  As for the

retaliation claim against Norris, the district court determined that Rhodes (1) did not

provide evidence of Norris's motives to deny him phone access outside of the prior

lawsuit that was dismissed in Norris's favor, and (2) noted again that Stitt and

Burkhalter relied on a legitimate basis to deny Rhodes phone access, not direction

from Norris.  Finally, the district court held the retaliation claim against Carl

Voigtsberger failed because Rhodes did not identify why Voigtsberger would have

been motivated to retaliate against him.

As for Rhodes's retaliation claims against Jennifer Bohn and Daniel Shannon,

and the Eighth Amendment deliberate indifference claim against Norris (collectively

with Bohn and Shannon, the Appellees), the district court determined he alleged facts

sufficient to survive the § 1915A screening.  The case proceeded and both Rhodes

3

and the Appellees filed motions for summary judgment for the surviving claims.  The

Appellees responded to Rhodes's motion, but Rhodes did not respond to the

Appellees' motion.  The district court entered summary judgment in favor of the

Appellees.  This appeal followed.

## II.    Discussion

We construe Rhodes's pro se pleadings liberally.  *Ledbetter v. City of Topeka*,

318 F.3d 1183, 1187 (10th Cir. 2003).  In so doing, we make some allowances for

deficiencies, such as unfamiliarity with pleading requirements, failure to cite

appropriate legal authority, and confusion of legal theories.  *See Garrett v. Selby*

*Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  But we cannot act as

his advocate by "constructing arguments and searching the record."  *Id.*

Rhodes appeals the district court's summary judgment order in favor of the

Appellees.[1]  But Rhodes did not respond to the Appellees' joint motion for summary

judgment.  His arguments on the Eighth Amendment deliberate indifference claim

against Norris, and the retaliation claims against Bohn and Shannon are new on

appeal.  We can only review these new arguments for plain error.  *See Richison v.*

---

[1] The Opening Brief includes arguments involving the claims against Stephen
Scarbrough and Carl Voigtsberger.  But those claims were dismissed in the § 1915A
Screening Order.  In his brief, Rhodes merely reiterates the allegations against these
defendants from his complaint and does not address the district court's reasons for
dismissing them on screening.  He has failed to explain why the district court's
decision was wrong.  We therefore affirm the dismissal of these defendants.  *See*
*Reedy v. Werholtz*, 660 F.3d 1270, 1275 (10th Cir. 2011) (stating that we do not
address a district court's reasoning when the appellant's opening brief does not
challenge it).

*Ernest Grp., Inc.*, 634 F.3d 1123, 1128, 1130 (10th Cir. 2011).  But if a party does not argue for plain-error review of the new arguments, that party waives appellate review of them.  *See id.* at 1130-31.  This rule applies to pro se litigants, as well as to counseled parties.  *See Garrett*, 425 F.3d at 840 ("[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (internal quotation marks omitted)).  We conclude these arguments are waived because Rhodes failed to address whether his summary-judgment arguments satisfy the plain-error doctrine.

Even if Rhodes had not waived these arguments, we would not consider them because he never explains why the district court's reason for granting summary judgment was wrong.  *See Reedy v. Werholtz*, 660 F.3d 1270, 1275 (10th Cir. 2011).  The argument section in Rhodes's opening brief appears to be directly copied from the Amended Complaint.  Thus, it falls short of its primary function as he fails to show the district court committed any reversible error.  *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1369 (10th Cir. 2015) (affirming dismissal of claim where appellant's brief failed to challenge the basis for the district court's ruling).  A brief statement of the case accompanied by an argument section that has been copied from the Amended Complaint is not a "substitute for legal argument."  *Id.* at 1366.  Merely listing issues and authority, with no citation to the record and no analysis, is not "adequate briefing."  *Garrett*, 425 F.3d at 841 (internal quotation marks omitted).  "The first task of an appellant is to explain to us why the district court's decision was wrong," *Nixon*, 784 F.3d at 1366, and merely presenting what was stated in the

5

Amended Complaint without more fails to achieve that objective, *see Meek v. Martin*, 74 F.4th 1223, 1276 (10th Cir. 2023) ("[P]resenting the exact same argument that the district court rejected, without more, falls short of explaining to us why the district court's decision was wrong." (brackets, emphasis, and internal quotation marks omitted)).

### III.    Conclusion

Because Rhodes has failed to show any reversible error, we affirm the district court's judgment.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge